ATTORNEYS FOR APPELLANT
Kent D. Zepick
Fishers, Indiana

Ann Marie Sutton
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Arturo Rodriguez II
Deputy Attorney General
Indianapolis, Indiana



## In the
## Indiana Supreme Court

No. 49S02-0910-CR-489

CHARLES RIVERS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G04–0708–FA–173420
The Honorable Charles Wiles, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02–0809–CR–00791

**October 22, 2009**

**Shepard, Chief Justice.**

A jury found appellant Charles Rivers guilty of child molesting. There were two incidents, charged as three counts. On appeal, he challenges the sufficiency of the evidence and the appropriateness of his sentence. Based on the character of the offender and the nature of the offenses, we revise the sentences to be served concurrently, for a total of thirty years executed.

**Facts and Procedural History**

On two occasions between 1998 and 2000, Rivers molested his seven or eight year old niece, M.N., at her home in Marion County. On one occasion, Rivers, his girlfriend and M.N. fell asleep in the living room after the group had been watching television. M.N. awoke to Rivers removing her underwear and asked "what he was doing." (Tr. at 19-20.) Rivers responded that he was "checking the size of [her] underwear." (Tr. at 19.) Rivers then placed his mouth on M.N.'s vagina and "orally molested" her until she was able to put her feet on his shoulders and push him away. (Tr. at 20-21.)

A few months later, Rivers was alone with M.N. and put his hand on her leg while they sat on the couch. M.N. stood up and tried to get away by locking herself in the bathroom. The lock did not fasten properly and Rivers followed her into the bathroom. Rivers told her to turn around and face the toilet. Rivers pulled down M.N.'s underwear and "tried to enter [her] from behind." (Tr. at 25.) M.N. told Rivers that it hurt, and Rivers said that it "would only hurt a little bit." (Tr. at 25.) Rivers stopped after M.N. continued to say "ouch." M.N. went to the bathroom again; around thirty minutes later, to brush her teeth and Rivers entered, sat on the toilet, and pulled out his penis. He took M.N.'s hand and placed it on his penis, moving her hand up-and-down for around three minutes. After Rivers ejaculated he told M.N. "that it meant that he liked [her]." (Tr. at 27.)

Some seven years later, M.N. told her father that his brother Rivers had molested her. (Tr. at 30, 64-65.) Police were notified shortly thereafter and Rivers was charged with three counts of child molesting; two counts as class A felonies and the third count as a class C felony. A jury found Rivers guilty on all three counts. The trial court sentenced Rivers to serve consecutive sentences of thirty years on each class A felony and a concurrent four-year sentence on the class C felony, for a total of sixty years executed. Rivers appealed only his class A convictions and

his sentence. The Court of Appeals unanimously affirmed the convictions, but divided on whether the sentence warranted revision. Rivers v. State, No. 49A02-0809-CR-791, slip. op. at 7, (Ind. Ct. App. April 16, 2009). We grant transfer to address the sentencing issue only.[1]

## I.  Considering the Sentence

Rivers claims that his sentence is inappropriate. Indiana's sentencing scheme provides a sentence for class A felonies from twenty to fifty years, with an "advisory" term of thirty years. Ind. Code § 35-50-2-4 (Supp. 2007). Rivers received the advisory sentence on each count. He contends the trial court erred when it ordered his thirty-year sentences served consecutively.

When a trial court imposes a sentence, it must enter a statement including reasonably detailed reasons or circumstances for imposing that particular sentence. Anglemyer v. State, 868 N.E.2d 482 (Ind. 2007). The court on appeal reviews those reasons and the omission of any reasons arguably supported by the record for abuse of discretion. See id. Rivers does not allege any error in this regard, but rather he asks the Court to exercise its independent constitutional authority to review and revise a criminal sentence. Ind. Const. art. VII §§ 4, 6. Such reviews proceed in accordance with Indiana Appellate Rule 7(B): "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

As to Rivers' character, the trial court appropriately noted that Rivers has no prior convictions. The record also indicates Rivers maintained steady employment and prior to committing his crimes served as a father figure to M.N. for a number of years. (Tr. 16-17, 40-41,

---

[1] As to all other issues, the Court of Appeals' decision is summarily affirmed. Ind. App. R. 58(A)(2).

46, 55-56, 62, 90, 94-95, 104-105, 128; Sent. Tr. at 7, 10, 13; PSI at 7.) The victim testified that her relationship with Rivers was good and that the two of them did a lot of family activities together prior to his crimes. It is without a doubt that Rivers' crimes betrayed this relationship, but the record does not indicate that Rivers interaction and involvement in M.N.'s life prior to his crimes was anything short of constructive.

Turning to the offenses, the parties are correct that Rivers' acts of molesting his niece deserve a serious sanction. Rivers was M.N.'s uncle and clearly violated a position of trust. The record does not indicate his crimes occurred over a long period of time, however, or that there was any other sexual misconduct on Rivers' part. Rather, the record indicates Rivers molested M.N. on two occasions (charged as three) in a relatively short period of time, then stopped on his own accord, and did not commit any other offenses in the seven years that passed until he was charged.

After reviewing the sentence imposed, the nature of the offenses and Rivers' character, we conclude that imposing Rivers' class A advisory sentences to run consecutively is not warranted.

## II.    Conclusion

We affirm Rivers' convictions and direct that his two thirty-year sentences be served concurrently. The trial court may issue an amended sentencing order and any other entries necessary to impose a revised sentence without a hearing.

Sullivan, Boehm, and Rucker, JJ., concur.

Dickson, J., dissents without separate opinion.

4