OPINION
BAILEY, Judge.
Case Summary
Calvin Merida (“Merida”) pled guilty to and was convicted of two counts of Child Molesting, as Class A felonies.[1] He now appeals his sentence.
We reverse and remand with instructions.
Issue
Merida raises two issues for our review, which we restate as a single issue: whether his sentence is inappropriate.
Facts and Procedural History
Merida married his wife, J.M., who at the time of their marriage had a daughter, R.M., from a prior relationship. Merida adopted R.M. as his daughter. On at least two occasions during the period from 2001 to 2007, Merida performed or submitted to *407 sexual intercourse or deviate sexual conduct with R.M. while he was at least twenty-one years of age and R.M. was less than fourteen years of age.[2]
On December 20, 2010, the State filed charges against Merida for eight counts of Child Molesting, as Class A felonies, with each separate count pertaining to one year from 2000 to 2007. On December 21, 2010, the State moved to amend its charging information to add counts Nine and Ten. Count Nine alleged that Merida had committed Child Molesting, as a Class A felony, during the period from January 1, 2001 to November 1, 2001. Count Ten alleged that Merida had committed Child Molesting, as a Class A felony, during the period from December 1, 2001 to December 31, 2007.[3]
On November 28, 2011, the State moved to dismiss the eight original counts, and a jury trial as to Counts Nine and Ten was scheduled for November 30, 2011. After a jury was empanelled but before evidence was offered, Merida pled guilty to Counts Nine and Ten.
On January 30, 2012, a sentencing hearing was conducted. At its conclusion, the trial court entered judgments of conviction against Merida and sentenced him to thirty years imprisonment for each of the two counts, with the sentences run consecutively for an aggregate term of imprisonment of sixty years.
This appeal ensued.
Discussion and Decision
Merida challenges the appropriateness of his sentence. Specifically, he directs our attention to 1) the trial court’s use of the emotional impact of his offense upon R.M. as an aggravating factor at sentencing, and 2) the trial court’s decision to run the two terms of imprisonment consecutively to one another. He therefore asks that we revise his sentence pursuant to our independent authority to review sentences under the Indiana Constitution and Appellate Rule 7(B).
In Reid v. State, the Indiana Supreme Court reiterated the standard by which our state appellate courts independently review criminal sentences:
Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court’s decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.
876 N.E.2d 1114, 1116 (Ind.2007) (internal quotation and citations omitted).
Our supreme court has stated that “sentencing is principally a discretionary function in which the trial court’s judgment *408 should receive considerable deference.” Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind.2008). Indiana’s flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. One purpose of appellate review is to attempt to “leaven the outliers.” Id. at 1225. “Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.” Id. at 1224.
Here, Merida was convicted of two counts of Child Molesting, as A felonies. The sentencing range for each offense runs from twenty to fifty years imprisonment, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. The trial court sentenced Merida to the advisory sentence of thirty years for each offense with the sentences to run consecutively, yielding an aggregate term of imprisonment of sixty years.
Taking into account the nature of Meri-da’s offense and his character, we cannot conclude that the sixty-year aggregate term of imprisonment is appropriate here. Merida pled guilty to two counts of Child Molesting over the course of a nearly seven-year period. There is no evidence that Merida’s conduct itself was particularly violent or in any other way more severe than that contemplated by the legislature in setting an advisory sentence. However, Merida was R.M.’s adoptive father and therefore held a position of trust and care with the victim. In addition, the presen-tencing investigation report included a statement from J.M. that “as a result of the offenses becoming known, [R.M.] suffers from life-altering anxiety” that forced R.M. to withdraw from school and precluded her from leaving her home with friends or even taking phone calls from friends. (App. at 175.)
With respect to his character, Merida has no prior criminal history, graduated from high school, obtained some additional education through correspondence training, and maintained consistent and generally well-paid employment. Merida pled guilty after the jury was empanelled and before the presentation of evidence, but did so without the presence of a plea agreement.
Under these circumstances, we cannot conclude that the nature of Merida’s offense and his character warrant the sixty-year aggregate term of imprisonment assessed by the trial court. In light of our role to “leaven the outliers,” Cardwell v. State, 895 N.E.2d at 1222, and the relative equipoise of the trial court’s assessment of the aggravating and mitigating factors, we exercise our independent power under Appellate Rule 7(B) to revise Merida’s sentences. We therefore reverse the trial court’s sentencing order and remand with instructions to revise the sentencing order to run his two thirty-year sentences concurrent to one another, for an aggregate thirty-year term of imprisonment.
Reversed and remanded with instructions.
RILEY, J., concurs.
CRONE, J., concurs in part and dissents in part, with opinion.

. Ind.Code § 35-42-4-3(a).

. To the extent the parties rely upon aver-ments in the probable cause affidavits submitted in support of the charging informations, we observe that there is nothing in the record that indicates whether the parties stipulated to the facts as set forth in the affidavits, we lack a copy of the transcript of the hearing in which Merida entered his guilty plea, and the trial court does not appear to have based its sentencing decisions on the affidavits. We therefore set forth the facts and review Meri-da’s appeal based upon the limited record now before us.

. Counts Nine and Ten reflect a change in address of the family home in November 2001.