# FOR PUBLICATION



APPELLANT PRO SE:

**BRYANT E. WILSON**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRYANT E. WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A02-1212-CR-1012 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT CIRCUIT COURT
The Honorable Mark E. Spitzer, Judge
Cause No. 27C01-1006-FC-160

**June 3, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Bryant E. Wilson appeals the denial of his motion to correct erroneous sentence. Because his sentencing judgment is not erroneous on its face, we affirm.

**Facts and Procedural History**

The relevant facts are undisputed. In January 1995, the State charged Wilson with class A felony rape, class A felony criminal deviate conduct, and class B felony robbery. In March 1996, a jury found him guilty as charged. In April 1996, the trial court sentenced Wilson to concurrent terms of forty-five years on each of the class A felony counts and to twenty years on the class B felony count, with fifteen years to be served concurrent with and five years to be served consecutive to the sentences on the class A felony counts, for an aggregate sentence of fifty years. Wilson filed a motion to correct error, which was denied. Wilson then pursued a direct appeal; this Court affirmed his convictions and our supreme court denied his petition for transfer. Wilson subsequently filed a petition for post-conviction relief and a motion for modification of sentence, both of which were denied. Wilson appealed the denial of his post-conviction petition, which was affirmed in 1999. In September 2012, Wilson filed a motion for modification of sentence, which was denied.[1]

On November 2, 2012, Wilson filed a pro se motion to correct erroneous sentence, in which he argued that "the trial court lacked statutory authority in holding a part of his

---

[1] None of the foregoing motions, petitions, or appellate decisions were included in the record before us.

sentence in abeyance." Appellant's App. at 10. The trial court denied the motion. This

appeal ensued.

## Discussion and Decision

Wilson filed his motion to correct erroneous sentence pursuant to Indiana Code

Section 35-38-1-15, which states,

> If the convicted person is erroneously sentenced, the mistake does not
> render the sentence void. The sentence shall be corrected after written notice
> is given to the convicted person. The convicted person and his counsel must
> be present when the corrected sentence is ordered. A motion to correct
> sentence must be in writing and supported by a memorandum of law
> specifically pointing out the defect in the original sentence.

"The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal

process for correcting the occasional erroneous or illegal sentence.'" *Robinson v. State*, 805

N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)). In

*Robinson*, our supreme court held that

> a motion to correct sentence may only be used to correct sentencing errors that
> are clear from the face of the judgment imposing the sentence in light of the
> statutory authority. Claims that require consideration of the proceedings
> before, during, or after trial may not be presented by way of a motion to correct
> sentence.

*Id*. at 787.[2] "When claims of sentencing errors require consideration of matters outside the

face of the sentencing judgment, they are best addressed promptly on direct appeal and

thereafter via post-conviction relief proceedings where applicable." *Id*.

---

[2] The *Robinson* court also said, "Because such motions to correct sentence based on clear facial error are not in the nature of post-conviction petitions, we conclude that they may also be filed after a post-conviction proceeding without seeking the prior authorization necessary for successive petitions for post-conviction relief under Indiana Post–Conviction Rule 1(12)." 805 N.E.2d at 788.

On appeal, Wilson renews his argument that "the trial court lacked statutory authority in holding a part of his executed sentence in abeyance." Appellant's Br. at 7. We take this to mean that the trial court allegedly lacked statutory authority to impose partially consecutive sentences. Wilson cites no statute that expressly prohibits partially consecutive sentences, and in fact there is currently a difference of opinion on this Court regarding whether such sentences are permissible.[3] *Compare Hull v. State*, 799 N.E.2d 1178, 1182 and n.1 (Ind. Ct. App. 2003) (disapproving of partially consecutive sentences for two counts of murder), *with Merida v. State*, 977 N.E.2d 406, 409-10 (Ind. Ct. App. 2012) (disagreeing with *Hull*'s rationale and noting that Ind. Code § 35-50-1-2 "does not specifically prohibit partially consecutive sentences such as the one imposed in *Hull*.") (Crone, J., dissenting), *trans. granted* (2013). We note that *Hull* was decided more than seven years after Wilson was sentenced in 1996, and thus there was no legal authority in 1996 that expressly disapproved of partially consecutive sentences.[4] Simply put, Wilson's sentencing judgment is not

---

[3] The dissent says that "[t]he statute relevant to consecutive and concurrent sentences provides that the court shall determine whether terms of imprisonment shall be served concurrently or consecutively, but does not provide a path for implementing partially consecutive sentences." Indiana Code Section 35-50-1-2 does not specifically require that consecutive sentences be served seriatim, or one after another, and thus it could be said to authorize partially consecutive sentences. The trial court in *Hull* apparently believed this to be the case, and we do not find this belief unreasonable. We hope that our supreme court will put the matter to rest in due course.

[4] Wilson states, "For clarity and purposes of this appeal, appellant does not contest the trial court's authority to run a sentence concurrent or consecutive *per se*, but whether, the trial court exceeded its authority to sentence Appellant who committed a Class B felony *beyond* six (6) to twenty (20) years pursuant to I.C. 35-50-2-5." Appellant's Br. at 6 n.1. Contrary to Wilson's assertion, the trial court did not sentence him to more than twenty years for the class B felony; it merely imposed partially consecutive sentences. Wilson also asserts "that the trial court lacked statutory authority to suspend a sentence that has been executed." Appellant's Br. at 9. The State correctly observes that "no part of [Wilson's] sentence was suspended by the trial court; he received a fully-executed fifty-year sentence." Appellee's Br. at 7 n.3.

4

erroneous on its face, and therefore the trial court did not err in denying his motion to correct

erroneous sentence. Consequently, we affirm.

Affirmed.

FRIEDLANDER, J., concurs.

ROBB, C.J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

BRYANT E. WILSON,         )
           )
    Appellant-Defendant,     )
           )
      vs.          )      No. 27A02-1212-CR-1012
           )
STATE OF INDIANA,       )
           )
    Appellee-Plaintiff.      )

**ROBB, Chief Judge, dissenting**

Because I believe that courts are limited to imposing sentences that are <u>authorized</u> by statute, rather than only being limited to sentences that are not <u>prohibited</u> by statute, I respectfully dissent.

I recognize that if this subject were more settled, we would not have the split within our court to which the majority refers regarding the availability of partially consecutive sentences. Nevertheless, I believe that sentencing is a creature of the legislature and that we are limited to sentences that have been expressly permitted by the legislature. See <u>Cooper v. State</u>, 831 N.E.2d 1247, 1252 (Ind. Ct. App. 2005) ("The trial court's sentencing authority is only that which is conferred by the legislature."), <u>trans. denied</u>. The statute relevant to consecutive and concurrent sentences provides that the court shall determine whether terms of imprisonment shall be served concurrently or consecutively, but does not provide a path for implementing partially consecutive sentences. In relevant part, the statute reads:

6

Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the:

> (1) aggravating circumstances in IC 35-38-1-7.1(a); and
> (2) mitigating circumstances in IC 35-38-1-7.1(b);

in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ind. Code § 35-50-1-2(c).

A reading of our case law shows that both this court and our supreme court regularly use the phrase "authorized by statute" when discussing sentencing and our standard of review for sentences. See, e.g., Bish v. State, 421 N.E.2d 608, 620 (Ind. 1981) ("Thus, if the sentences imposed were authorized by statute, if those sentences are not manifestly unreasonable, and if the record discloses the trial court's finding of aggravating and/or mitigating circumstances, this Court will not revise or strike down the sentences in question.") (emphasis added). We rarely, if ever, use the phrase "not prohibited by statute." While such phrasing may become rote, and the distinction between a sentence that is authorized by statute and one that is simply not prohibited is immaterial in many cases, I believe the difference is important—especially here, where a sentence is in that grey area that is neither expressly allowed nor expressly prohibited under our sentencing statutes.

The case law of other jurisdictions lends support to my belief that we are limited to sentences that are expressly permitted by statute. See, e.g., Scanio v. United States, 37 F.3d

7

858, 863 (2d Cir. 1994) ("The courts have generally frowned upon permitting even the courts themselves to modify a prisoner's sentence unless expressly authorized by statute."); Glaze v. State, 385 S.W.3d 203, 209 (Ark. 2011) ("Because sentencing is entirely a matter of statute, the circuit court only has the authority to impose a particular sentence when it complies with the applicable statute."); Winkler v. State, 2012 Ark. App. 704, 13-14 (2012) ("A sentence is void or illegal when the trial court lacks authority to impose it. Because sentencing is entirely a matter of statute, the circuit court has the authority to impose a particular sentence only when it complies with the applicable statute.") (citation omitted); People v. Oshana, 965 N.E.2d 1174, 1192 (Ill. App. Ct. 2012) ("However, a trial court may only impose a sentence that is authorized, and any unauthorized aspect of a sentence is void and may be attacked at any time."), appeal denied, 968 N.E.2d 1070 (Ill. 2012); City of Bozeman v. Cantu, 296 P.3d 461, 466 (Mont. 2013) ("It is well established that a court does not have the power to impose a sentence unless authorized by a specific grant of statutory authority. A sentencing condition is illegal if the sentencing court lacked statutory authority to impose it, if the condition falls outside the parameters set by the applicable sentencing statutes, or if the court did not adhere to the affirmative mandates of the applicable sentencing statutes.") (citations and quotation marks omitted); State v. Rapchack, 265 P.3d 1289, 1291 (N.M. Ct. App. 2011) ("A trial court's power to sentence is derived exclusively from statute.") (citation omitted), cert. denied, 289 P.3d 1253 (N.M. 2011). Additionally, the United States Supreme Court has referenced the fact that a legislature's failure to prohibit a particular sentence does not equate to that legislature's approval of the sentence. Graham v. Florida, 560 U.S. 48 (2010) (noting

8

that the fact that many jurisdictions do not expressly prohibit the sentencing practice at issue is not dispositive because it does not necessarily follow that the legislatures in those jurisdictions have deliberately concluded that such sentences would be appropriate).

Because the sentence in question was not explicitly permitted by statute, I believe it was therefore erroneous. For that reason, I would reverse the trial court's denial of Wilson's motion to correct erroneous sentence.