Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Aug 19 2013, 5:47 am



**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS VANES**
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RYAN A. OSOWSKI | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A04-1211-CR-570 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LA PORTE CIRCUIT COURT
The Honorable Thomas Alevizos, Judge
Cause No. 46C01-1004-FA-169

**August 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Ryan Osowski ("Osowski") appeals the appropriateness of his sentence following his guilty plea in La Porte Circuit Court to three counts of Class B felony child molesting.[1] Osowski argues first that the trial court abused its discretion when it relied on the statements he made during a pre-sentencing, psychosexual evaluation in its decision to sentence him to an aggregate term of thirty-four years. Alternatively, Osowski argues that the sentence was inappropriate under Indiana Appellate Rule 7(B). We disagree and affirm.

**Facts and Procedural History**

In 2009, Osowski and his wife were experiencing marital difficulties, and Osowski began using his then nine-to-ten-year-old adoptive daughter, S.O., to fulfill his sexual desires. Throughout the course of 2009, Osowski used S.O.'s hand to masturbate on multiple occasions, used S.O.'s feet to reach orgasm several times, digitally penetrated S.O.'s vagina twice, and forced S.O. to perform oral sex on him twice, each time until he ejaculated into her mouth. Additionally, Osowski watched pornographic films with the child, and told her not to tell anyone about his illicit activity, as it would upset her mother if he were sent to jail. In all, Osowski abused S.O. between nine and eleven times.

S.O. eventually informed her mother of Osowski's abusive behavior, and her mother confronted Osowski about S.O.'s allegations. S.O.'s mother recorded her conversation with Osowski, in case Osowski later attempted to deny allegations to the police. On March 22, 2012, Detective Mark Lachmund ("Lachmund") of the La Porte County Sheriff's Office took a statement from Osowski about the allegations. During

---

[1] See Ind. Code § 35-42-4-3(a).

this questioning Osowski indicated that if his wife had been satisfying his sexual urges, then he would not have sexually abused his adoptive daughter.

In his statement, Osowski described his sexual encounters with S.O. in disturbing and graphic detail. Throughout his account, he placed blame on S.O., claiming that she was a willing participant in his abuse. He first recounted an incident in which he and S.O. were "humping each other." State's Ex. 1 at 30:25. According to Osowski, his nine-year-old victim was trying to initiate sexual contact with him, but he later acknowledged that he may have initiated the contact himself.

Next, Osowksi discussed an occasion when S.O. was sleeping in bed with her mother and Osowski. Osowski, who had used his wife's feet for sexual satisfaction in the past while the woman slept, decided to use S.O.'s feet in the same way. Osowski reported that he used the child's feet to reach orgasm while she slept alongside her mother three to four times, and stated that S.O. lifted her feet into the air willingly.

Osowski also claimed that the then nine-to-ten-year-old girl was very interested in Osowski's masturbation habits. Osowski reported that he used S.O.'s hand to masturbate in the shower two or three times. Osowski also watched pornographic films with S.O. and claimed that S.O. inquired as to what a female in the film was doing while the woman performed fellatio on a man. After Osowski explained, he claimed that S.O. then asked if she could perform oral sex on Osowski, because she wanted to please him. Osowski ejaculated inside of S.O.'s mouth, and when the child thought that the emission was urine, Osowski informed her that it was not, and that she should spit it out and brush her teeth. Onsowski also coerced S.O. into performing oral sex on him on another

3

occasion, again ejaculating in the child's mouth. Throughout his statement to Lachmund, Osowski claimed that he never forced his pre-adolescent victim to perform sexual acts, and instead asserted that S.O. wanted to engage in sexual intercourse with Osowski each time.

At trial, the State also presented a recorded statement given to a counselor by S.O. According to the child, Osowski asked S.O. to "help him shake" his penis. State's Ex. 2 at 9:45. Osowski instructed the child to place herself on top of him and to move her legs up and down. S.O. also described an incident in which Osowski penetrated her vagina with his fingers. The record reveals that Osowski did this at least twice. S.O. also reported that Osowski asked her to perform oral sex, as it would be pleasurable for him, and he instructed her throughout the molestation. Osowski even told the child not to discuss his conduct with her mother because Osowski would go to jail if S.O. reported the molestations.

On April 15, 2010, the State charged Osowski with three counts of Class A felony child molesting, and a fourth count of Class C felony child molesting. On May 16, 2010, Osowski and the State entered into a plea agreement in which Osowski agreed to plead guilty to three counts of the lesser-included offense of Class B felony child molesting in exchange for the State's dismissal of the remaining counts and two misdemeanors. The plea agreement left sentencing open to the trial court.

The trial court held a sentencing hearing on August 21, 2012. Having pleaded guilty to three Class B felonies for child molesting, Osowski faced a sentence of between

4

six and twenty years for each count, with advisory sentences of ten years per count.[2] At the hearing, the court noted that Osowski's apology at the hearing was at odds with his psychosexual evaluation, in which he blamed S.O. for the incidents. Although the court found that Osowski's guilty plea and cooperation with authorities were mitigating circumstances, it also found that the aggravating circumstances outweighed those mitigators. The trial court specifically found that five aggravators existed: (1) Osowski was in a position of care, custody, and control over his victim; (2) Osowski performed his sexually abusive acts repeatedly over a lengthy period of time; (3) S.O. was just nine to ten years old at the time of the abuse, far younger than the statutory age of fourteen; (4) Osowski violated the post-arraignment, no-contact order with S.O. and her mother that was a condition of his bond; and (5) in his psychosexual evaluation, Osowski blamed his victim for the crimes he committed.

The court sentenced Osowski to seventeen years executed for each count, and ordered that Counts I and II be served consecutively, while ordering that Count III be served concurrent with the first two counts. Osowski thus faces an aggregate sentence of thirty-four years executed in the Department of Correction. Additionally, the court suspended two years of Osowski's sentence to probation. Osowski now appeals.

## I.    Court's Acceptance of Psychosexual Evaluation

Osowski first argues that the trial court abused its discretion in relying on statements he made in his pre-sentencing, psychosexual evaluation, rather than his

---

[2] "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Ind. Code § 35-50-2-5.

statements of remorse at the sentencing hearing. Sentencing decisions rest within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind.2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. Id. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id. at 491. A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. Id. at 490–91.

Osowski characterizes the trial court's observation of his blame-shifting as "relying on materially false assumptions," and evidence that the trial court entered a sentencing statement based on improper reasons. Additionally, he argues that the trial court's rejection of his apology to S.O. at the sentencing hearing was an omission of a reason clearly supported by the record.

In the psychosexual evaluation, completed just one month before the sentencing hearing, the evaluator noted that based on Osowski's prior statements in therapy and his

6

continued sexualized behavior,[3] Osowski "lack[s] insight into his offending behavior by not being able to identify the risks of his sexual behavior." Appellant's App. p. 117. Further, the court noted that Osowski's apology at trial seemed insincere. Although Osowski is correct that the evaluation took into account previous statements made by Osowski, and some of those statements may well have been inaccurate by the time of the hearing, the current statements of an evaluator were relevant and accurate for the purposes of the trial court's sentencing. Moreover, the trial court is not obligated to weigh evidence or credit facts proffered as mitigating by the defendant in the same way as the defendant suggests that they should be weighed or credited. Heyen v. State, 936 N.E.2d 294, 304-05 (Ind. Ct. App. 2010), trans. denied.

Here, the trial court's findings of aggravating factors, including Osowski's statements in his psychosexual evaluation, were supported by the circumstances before it and reasonable inferences that could be drawn therefrom. Additionally, in light of the multiple aggravators found by the trial court, Osowski would not be entitled to a remand for sentencing even if the trial court did err in viewing the statements in the evaluation as an aggravator, because he does not challenge the remaining aggravating factors. See McDonald v. State, 868 N.E.2d 1111, 1114 (Ind. 2007). Furthermore, this court need not remand for sentencing, unless the sentence was inappropriate, a claim which we address below. Brock v. State, 983 N.E.2d 636, n.1 (Ind. Ct. App. 2013), reh'g denied.

---

[3] Osowski's psychosexual evaluator and his mental health care provider both expressed concern that although Osowski entered treatment on his own, he continued to watch pornographic films despite the fact that such behavior was connected with his tendency to abuse.

7

## II. Inappropriate Sentence

Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355–56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

Osowski argues that because he confessed to his crimes, initiated his own psychological counseling and treatment, and apologized to his victim at the sentencing hearing, his sentence was inappropriate based on the character of the offender. However,

8

the trial court was not obligated to afford Osowski's cooperation with authorities, psychological treatment, and apology to S.O. the same mitigating weight as Osowski might wish. See Healey v. State, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012). Although Anglemyer does not require the trial court to explain why it chooses not to weigh proffered facts in the same way as the defendant, the trial court in this case affirmatively explained in its sentencing statement that it found his apology to be less than credible, in light of his prior blame-shifting, and also because he had read a prepared statement at the sentencing hearing. See Anglemyer, 868 N.E.2d at 493. The court also heard evidence that demonstrated that Osowski had violated no-contact orders meant to protect the victim and her mother and had prevented the victim from changing her last name, despite the child's wishes to do so. The court could draw a reasonable inference from these actions that Osowski's treatment was ineffective and his sudden contrition at sentencing was insincere. In short, the trial court was well within its discretion to reject these proffered mitigating factors.

Osowski also attempts to raise an argument that his sentence is inappropriate because his pre-existing criminal history is limited and unrelated to his crimes. As support for his argument, he attempts to compare his case to our supreme court's holding in Sanchez v. State. There, the Indiana Supreme Court held that an eighty-year aggregate sentence was inappropriate where a stepfather, with a limited but unrelated criminal history, sexually abused two of his stepdaughters in three isolated incidents. Sanchez v. State, 938 N.E.2d 720, 722 (Ind. 2010). Osowski argues that because our supreme court held that Sanchez's two forty-year sentences should run concurrently instead of

9

consecutively, resulting in an overall sentence of forty years for three counts of Class A felony child molesting, Osowski's three Class B felonies should not result in an aggregate sentence of thirty-four years.

Osowski's argument fails to take into account the fact that his behavior, unlike Sanchez's, was repeated over time and that he systematically victimized S.O. for a period of a year, even telling the child that she was not to tell her mother of the incidents. In Sanchez, our supreme court specifically noted that repeated and systematic abuse, like Osowski's conduct in this case, is deserving of enhanced and, in some cases, consecutive sentences, while isolated incidents are not. See Sanchez, 938 N.E.2d at 722 (citing Rivers v. State, 915 N.E.2d 141, 144 (Ind. 2009); Harris v. State, N.E.2d 927, 930 (Ind. 2008)).

Osowski's comparison of his own sentence with Sanchez's also fails to demonstrate how Osowski's sentence was inappropriate based on the nature of the offense. Osowski legally adopted S.O., and in so doing, promised to care for and protect her. Osowski acknowledges in his brief that he "cannot reasonably dispute the trial court's assessment of the nature of the offenses . . . they did constitute a breach of trust given . . . the victim's status as . . . adopted daughter." Appellant's Br. at 9. Furthermore, he does not contest that his conduct went well beyond the elements of culpability required by statute.

Osowski repeatedly and systematically abused his nine-to-ten year old adoptive daughter sexually, all the while telling the child that she must keep his abusive behavior a

10

secret.  His sentence is not inappropriate in light of the nature of his offenses and his character as the offender.  We affirm.

Affirmed.

NAJAM, J., and BROWN, J., concur.