**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**NICOLE A. ZELLIN**
Pritzke & Davis
Greenfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA W. DOUGHTY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 30A01-1311-CR-483 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard D. Culver, Judge
Cause No. 30C01-1303-FA-00369

**July 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Joshua W. Doughty molested his eleven-year-old niece on two separate occasions. Doughty pled guilty to Class A felony child molesting and was sentenced to forty-five years, with five years suspended to sex-offender-specific probation. Doughty now appeals his sentence arguing it is inappropriate in light of the nature of the offense and his character. He asks us to impose the advisory sentence of thirty years, with a portion suspended to probation. We find that Doughty's forty-five-year sentence with five years suspended is not inappropriate and therefore affirm the trial court.

**Facts and Procedural History**

On October 31, 2012, eleven-year-old S.S. was at her uncle Doughty's home in Greenfield, Indiana. Tr. p. 16. Doughty instructed S.S. to take off her clothes and put on the thong underwear he had purchased for her. *Id.* Doughty then turned off the light and began kissing S.S. over her entire body, including her breasts, vagina, and buttocks. *Id.* Doughty also inserted his finger in her vagina. *Id.* Doughty told S.S. that this was "you and me time" and instructed her not to tell anyone. *Id.* On February 9, 2013, S.S. was at Doughty's home again, and he made her take off her clothes and lie on the floor. *Id.* He then gave her another pair of thong underwear he had bought and made S.S. put them on. *Id.* Doughty then pinned her to the ground, kissed her, and touched her breasts, vagina, and buttocks. *Id.* Again, Doughty told S.S. not to tell anyone. *Id.*

In March 2013 S.S. reported these two incidents to her school counselor.[1] Appellant's App. p. 69. Detective Ronald Chittum executed a search warrant of Doughty's

---

[1] The factual basis for this case is limited. We generally do not cite to a probable-cause affidavit; however, because both parties cite the probable-cause affidavit as a source of some of the facts, we do too.

home pursuant to the consent of Doughty's wife and subsequently found the thong underwear located exactly where S.S. said it would be. Tr. p. 16. Doughty waived his *Miranda* rights and during an interview with the Greenfield Police Department admitted to kissing S.S.'s vagina and breasts with an open mouth, putting his finger in her vagina to show S.S. how to masturbate, and buying her thong underwear to wear during both the October 2012 and February 2013 incidents. *Id.* Doughty stated that "he was merely showing his niece how to mast[u]rbate and that he wanted to be the 'cool uncle.'" *Id.*

The State eventually charged Doughty with Count I: Class A felony child molesting (October 31: deviate sexual conduct), Count II: Class C felony child molesting (October 31: fondling or touching of S.S.), Count III: Class A felony child molesting (February 9: deviate sexual conduct), Count IV: Class C felony child molesting (February 9: fondling or touching S.S.), and Count V: Class B felony incest (October 31). Appellant's App. p. 7-8, 26-27. Doughty pled guilty pursuant to a written plea agreement to Count I: Class A felony child molesting; all other charges were dropped. *Id.* at 43-48. As for his sentence, the plea agreement provided that sentencing shall be imposed by the court after presentation of the evidence and argument of the parties. *Id.* at 43.

At the sentencing hearing, Doughty's mother was the only witness. She discussed delinquent sexual acts—which Doughty performed in 1992 when he was fourteen years old—that would have been three counts of Class C felony child molesting if committed by an adult. Tr. p. 19; Appellant's App. p. 52 (PSI p. 4). However, no records were presented, and the Pre-Sentence Investigation Report indicates that complete records no longer exist. Appellant's App. p. 52 (PSI p. 4). No information about the nature of these delinquent

3

sexual acts or the age of the other minor was given, but Doughty was placed on informal adjustment for six months. *Id.* After the 1992 incident, Doughty's mother took him to counseling, but after a brief period of time the counselor decided Doughty no longer needed treatment. Tr. p. 20. Doughty's mother, however, felt it was too soon to stop treatment and stated, "if I had known it wasn't [childhood curiosity] he would still be in counseling." *Id.*

Although Doughty admitted to the acts of molestation and pled guilty, he placed blame on S.S. Specifically, he stated in the PSI that S.S. "initiat[ed] the sexual contact" and "he felt that she was able to manipulate him because he was vulnerable due to a failing marriage." Appellant's App. p. 58 (PSI p. 10). Doughty further stated that he was just trying teach S.S. how to masturbate and wanted to be the "cool uncle." Tr. p. 16

The court found the following aggravators: Doughty's juvenile informal adjustment for three counts of what would have been Class C felony child molestations if committed by an adult, his instructions to S.S. not to tell anyone, the fact that S.S. was a statutorily protected person under Indiana law, he made S.S. feel responsible, and Doughty's violation of his position of trust over S.S. *Id.* at 22, 23-24. As mitigators, the trial court acknowledged that Doughty pled guilty and admitted responsibility, but the court nonetheless stated:

> I think that violation of that position of trust far outweighs that fact that you did enter the plea and save the victim from going through trial. But I just – I wanted to comment that I do think that it was to your credit . . . that you admitted to it. All the rest of us in the room either with law degrees or uniforms and guns and badges are frustrated by people who are willing to commit perjury and say anything to get out of trouble and when somebody actually comes forward and says that's exactly what I did, we should give you credit.

4

*Id.* at 24. Finding that the aggravators—especially the violation of a position of trust—substantially outweighed the mitigators, the trial court sentenced thirty-seven-year-old Doughty to forty-five years, with five years suspended to sex-offender-specific probation. *Id.* at 24-25.

Doughty now appeals his sentence.

## Discussion and Decision

Doughty contends that in light of the nature of the offense and his character, his forty-five-year sentence, with five years suspended to sex-offender-specific probation, is inappropriate. He asks us to impose the advisory sentence of thirty years, with a portion suspended to probation.

"[T]he Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decisions." *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014). "We implement this authority through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision we find the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Id.* (quotations omitted). "We have long said that sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (citing *Morgan v. State*, 675 N.E.2d 1067, 1072 (Ind. 1996)). In determining whether a sentence is appropriate the court looks at the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224. Appellate courts may consider all aspects of the penal

5

consequences imposed by the trial judge in sentencing the defendant, including the suspended portion of the sentence. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Doughty bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Concerning the nature of the offense, the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed. *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). For crimes committed before July 1, 2014, Indiana Code section 35-50-2-4 states the advisory sentence for a Class A felony is thirty years, the maximum sentence is fifty years, and the minimum sentence is twenty years. There is no doubt that on two occasions Doughty molested S.S.: he made her put on thong underwear he had purchased for her, inserted his finger in her vagina, and then kissed and touched S.S.'s entire body, including her breasts, vagina, and buttocks. Doughty admits that "these two offenses are undeniably serious and warrant significant punishment"; however, he argues that "lack of significant force and evidence specifically linking Doughty's actions to injuries sustained by the child should be noted." Appellant's Br. p. 7. Here, the evidence shows Doughty pinned S.S. to the ground during the second incident of molestation. Without minimizing the severity of any inappropriate touching of a child, this does not show significant force, and S.S. was not injured. *See Tyler v. State*, 903 N.E.2d 463, 469 (Ind. 2009) (revising an enhanced sentence to the advisory term in part because there was no evidence that the defendant used physical force on the child-molesting victims, and the children were not physically injured by the molestation); *see also Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013). Therefore, we agree that the force Doughty used

was not significant enough to justify an enhanced sentence. But Doughty was in a position of trust with S.S., preying on her when she was in his care, and the violation of that trust reflects poorly on him.

In evaluating Doughty's character, he argues that the steady employment he has maintained throughout his adult life should weigh in his favor. This is true, and the trial court also found that Doughty's guilty plea was a mitigator. However, although Doughty admitted molesting S.S., he refused to take full responsibility for his actions and placed the blame on S.S., claiming she manipulated him and initiated the sexual contact. *See Boling*, 982 N.E.2d at 1060 (affirming a forty-five-year sentence where defendant molested his daughter, specifically finding that although defendant's criminal history was not significantly aggravating, the violation of trust and his placing blame on his daughter was "an extremely poor commentary on [his] character."). We similarly find that Doughty's violation of trust and his refusal to take full responsibility for his actions by placing blame on eleven-year-old S.S. is reprehensible and is an "extremely poor commentary" on Doughty's character. *Id.*

This Court has stated that "[t]he significance of a criminal history in assessing a defendant's character is based on the gravity, nature, and number of prior offenses in relation to the current offense." *Id.* (citing *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007)). Even a minor criminal history is a poor reflection of a defendant's character. *Id.* We note that Doughty's only criminal history is his juvenile informal adjustment for what would have been three counts of Class C felony child molesting if

committed by an adult. However, even though this informal adjustment occurred more than twenty years ago, it is for the exact same offense as this case.

Finally, Doughty compares his case to *Rivers v. State*, 915 N.E.2d 141, 144 (Ind. 2009), where our Supreme Court ordered the defendant's two thirty-year terms to be served concurrently, versus the consecutive sentence given by the trial court.[2] Although the defendant in *Rivers*, like Doughty, did not commit the crimes over a long period of time, did not commit any other sexual misconduct, and only molested his victim on two occasions, Doughty did not stop on his own accord. *Id.* The defendant in *Rivers* molested his victim twice and stopped, with no other occurrence for seven years, whereas Doughty was prevented from committing another offense because in March 2013, about one month after the second incident, S.S. reported the molestations to her school counselor.

In light of Doughty's juvenile informal adjustment for what would have been three counts of Class C felony child molesting if committed by an adult, the blame he placed on his eleven-year-old niece, and the violation of his position of trust over S.S., Doughty has failed to persuade us that his forty-five-year sentence, with five years suspended to sex-offender-specific probation, is inappropriate. We therefore affirm the trial court.

Affirmed.

NAJAM, J., and BROWN, J. concur.

---

[2] Doughty also, mistakenly, compares his case to *Merida v. State*, 977 N.E.2d 406, 408 (Ind. Ct. App. 2011), *trans. granted*, *opinion vacated*. In *Merida*, the defendant pled guilty to two counts of Class A felony child molesting, and the trial court imposed consecutive advisory sentences for an aggregate term of sixty years. On appeal, this Court revised the sentences by ordering them to run concurrently. Our Supreme Court granted transfer, thus vacating this Court's opinion, and affirmed the trial court's sentence. *See Merida v. State*, 987 N.E.2d 1091, 1091 (Ind. 2013). Therefore, Doughty cannot rely on this Court's opinion.