ATTORNEY FOR APPELLANT
Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Joseph Y. Ho
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



No. 40S05-1301-CR-23

KIRK B. LYNCH,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Jennings Circuit Court
No. 40C01-0907-FB-262
The Honorable Jon W. Webster, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 40A05-1201-CR-26

**May 17, 2013**

**Per Curiam.**

Evidence at Lynch's trial showed that one evening in 2009, the mother of a twelve-year-old girl noticed her daughter had received an instant message through an internet account from Lynch, a man in his forties. While pretending to be the girl, the mother participated in an instant

message conversation with Lynch. Lynch wanted to see the girl. In one colloquy, Lynch asked "[Y]ou know wat we gonna do don't ya?" and he answered his own question, "[I]mma bed you baby." (spelling and grammar in the original). Lynch made arrangements to meet at a hotel. The mother contacted police, and they apprehended Lynch in the hotel parking lot. Lynch gave police several different explanations for being there. Lynch was arrested at the end of the police interview, and during the booking process, he said to a police sergeant, "[I] drove all this way and didn't even get laid." As relevant to these transfer proceedings, Lynch was convicted of Attempted Child Molesting, a Class A felony. *See* Ind. Code §§ 35-42-4-3(a) (2008) (defining the offense of child molesting); 35-41-5-1 (2008) (defining attempt).

The sentencing range for a Class A felony is twenty years to fifty years; the advisory sentence is thirty years. *See* I. C. § 35-50-2-4 (2008). The trial court imposed a sentence of forty years with five years suspended. The trial court noted the following aggravating factors: the "significant and substantial evidence" that Lynch had contacted other girls and "was an Internet sexual predator and prowler;" Lynch had carefully planned the crime; and his criminal history which included a prior felony conviction and two misdemeanor convictions. As mitigating factors, the trial court noted Lynch had a high school diploma and some employment history. Also, he had been diagnosed with paranoid schizophrenia, depression, and panic attacks, but the court noted there was no evidence linking these conditions to Lynch's conduct in this case. The trial court found the aggravating factors outweighed the mitigating factors and justified a sentence in excess of the advisory term.

Citing Indiana Appellate Rule 7(B), a majority of the Court of Appeals panel revised the sentence to twenty years, the minimum term. *See* <u>Lynch v. State</u>, No. 40A05-1201-CR-26 (Ind. Ct. App. Nov. 2, 2012) (mem. dec.), *vacated.* We granted the State's petition to transfer jurisdiction to this Court. *See* <u>Lynch v. State</u>, 980 N.E.2d 841 (Ind. Jan. 11, 2013) (table); App. R. 56(B) & 58(A).

The authority granted by Article 7, § 4 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. <u>Cardwell v. State</u>, 895 N.E.2d 1219, 1222-25 (Ind. 2008); <u>Serino v. State</u>, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. <u>Cardwell</u>, 895 N.E.2d at 1225.

Having reviewed the matter, our collective judgment is that the sentence imposed by the trial court is not inappropriate under Appellate Rule 7(B), and does not warrant appellate revision. Accordingly, we affirm the sentence imposed by the trial court and summarily affirm the decision of the Court of Appeals in all other respects. *See* App. R. 58(A)(2).

Dickson, C.J., and Rucker, David, Massa, and Rush, JJ., concur.

3