ATTORNEY FOR APPELLANT
Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
May 17 2013, 12:14 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 69S01-1301-CR-24

CALVIN MERIDA,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Ripley Circuit Court
No. 69C01-1012-FA-8
The Honorable Carl H. Taul, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 69A01-1203-CR-110

**May 17, 2013]**

**Per Curiam.**

An investigation showed Merida had been molesting a girl from the time she was five or six years old, starting perhaps as early as 2000. In all, Merida was charged with ten counts of child molesting covering the period from 2000 through 2007. After a jury was empanelled but

before evidence was offered, Merida pled guilty to two counts of child molesting as Class A felonies. *See* Ind. Code § 35-42-4-3(a) (2008). The remaining counts were dismissed. The sentencing range for a Class A felony is from twenty years to fifty years; the advisory sentence is thirty years. *See* I. C. § 35-50-2-4 (2008).

The trial court imposed consecutive advisory sentences for an aggregate term of sixty years. As mitigating circumstances, the Court noted the guilty plea but did not accord it a lot of weight since the State and the victim had had to prepare for trial. The trial court also noted Merida's lack of criminal history. The trial court discussed several aggravating circumstances. Merida was in a position of having care, custody and control of the girl, and his conduct occurred over a seven-year period. Also, as a result of the offense becoming known in the community, the girl no longer attends public school and does not go out with friends or talk with them on the phone as she once did. She has suffered an emotional impact greater than in the usual case, the trial court noted.

Citing Indiana Appellate Rule 7(B), the Court of Appeals revised the sentences by ordering them to run concurrently, thus reducing the aggregate term from sixty years to thirty years. *See* <u>Merida v. State</u>, 977 N.E.2d 406 (Ind. Ct. App. 2012), *vacated*. We granted the State's petition to transfer jurisdiction to this Court. *See* <u>Merida v. State</u>, 980 N.E.2d 841 (Ind. Jan. 11, 2013) (table); App. R. 56(B); 58(A).

The authority granted by Article 7, § 4 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of

the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Having reviewed the matter, our collective judgment is that the sentence imposed by the trial court is not inappropriate under Appellate Rule 7(B), and does not warrant appellate revision. Accordingly, we affirm the sentence imposed by the trial court.

Dickson, C.J., and Rucker, David, Massa, and Rush, JJ., concur.