# FOR PUBLICATION



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| FREDERICK L. KING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A03-1212-CR-515 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No.  02D05-1207-FB-123

**July 2, 2013**

**OPINION - FOR PUBLICATION**

**Panel Per Curiam**

Frederick L. King ("King") pled guilty to Robbery, as a Class B felony, after taking a $14.99 shirt from a Fort Wayne retailer; as he left the store, King pushed a loss prevention officer to the floor, causing injury. The sentencing range for a Class B felony is from five years to twenty years imprisonment, with an advisory sentence of ten years. See Ind. Code § 35-50-2-5.

The trial court sentenced King to ten years imprisonment, with six years of the sentence suspended to probation. As aggravating circumstances, the trial court noted that King had three prior juvenile delinquency adjudications and, at the time of the instant offense, had been released on bond in another case involving the use of a firearm, resulting in a Class C felony charge. As mitigating circumstances, the trial court noted that King had pled guilty and expressed remorse.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The

principal role of such review is to attempt to leaven the outliers.  <u>Cardwell</u>, 895 N.E.2d at 1225.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision.  Accordingly, we decline to disturb the sentence imposed by the trial court.  <u>See</u> <u>Chambers v. State</u>, Cause No. 53S01-1307-CR-459 (Ind. July 2, 2013); <u>Merida v. State</u>, Cause No. 69S01-1301-CR-24 (Ind. May 17, 2013); <u>Lynch v. State</u>, Cause No. 40S05-1301-CR-23 (Ind. May 17, 2013).

Judgment affirmed.

NAJAM, J., BAILEY, J., and BARNES, J., concur.[1]

---

[1] In per curiam opinions, judges serving on the panel are listed in order of seniority.  Each member of the panel has considered the briefs submitted on appeal, and as in every appeal the record submitted has been available for further review by members of the panel as may be needed.  Each member of the panel has voted on the appeal, and where, as here, the opinion is unanimous, the per curiam opinion is the opinion of all panel members.