Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Aug 06 2014, 8:20 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E. C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DANIEL UTTERBACK, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 34A02-1312-CR-1021 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Brant J. Parry, Judge
Cause No. 34D02-1302-FB-60

**August 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Daniel Utterback appeals the seven-year sentence the trial court imposed upon his conviction of child molesting, a Class C felony. We affirm.

## ISSUE

Utterback raises one issue, which we restate as: whether his sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

When the victim in this case was eleven years old, she visited her father's home. During some of her visits, her half-brother Utterback, who was seventeen years old, isolated her in his room and told her to take off her clothes. Once, he placed his fingers in her vagina and forced her to perform oral sex on him, under threat of violence. On two other occasions, he placed his penis in her vagina and also touched her breasts with his hand and mouth.

The victim reported Utterback to authorities. The State opened a juvenile case, but the juvenile court waived jurisdiction over Utterback. In adult court, the State alleged four counts of child molesting, three as Class B felonies and one as a Class C felony. The court found probable cause for the Class C felony.

Next, the parties jointly filed a Recommendation of Plea Bargain. They agreed that Utterback would plead guilty to child molesting as a Class C felony, and the State would dismiss the other charges. Sentencing would be left to the court's discretion.

The court accepted the plea agreement and sentenced Utterback to seven years, with five years executed and the remainder to be served on probation. This appeal followed.

DISCUSSION AND DECISION

Utterback first argues that the trial court must "weight [sic] aggravating and mitigating circumstances" and asks this Court to do the same. Appellant's Br. p. 3. This request contradicts our Supreme Court's well-established and often-repeated holding that the trial court has no obligation to weigh aggravating and mitigating factors against each other. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Further, an appellant may not argue that the trial court erred by failing to "properly weigh" such factors. *Id.*

Next, Utterback requests appellate review of his sentence under Indiana Appellate Rule 7(B). Article 7, section 4 of the Indiana Constitution authorizes independent appellate review of sentences. *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014). This review is implemented through Appellate Rule 7(B), which states that we may revise a sentence, even if authorized by statute, if "after due consideration of the trial court's decision," the sentence is inappropriate "in light of the nature of the offense or the character of the offender."

The principal role of such review is to attempt to leaven the outliers. *Merida v. State*, 987 N.E.2d 1091, 1092 (Ind. 2013). Sentence review under Appellate Rule 7(B) is very deferential to the trial court. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The

3

burden is on the defendant to persuade the appellate court that his sentence is inappropriate. *Id.*

The State contends that Utterback has waived review of the appropriateness of his sentence because he has failed to provide cogent argument. Utterback's arguments are not well put, but we choose to address the merits.

We first consider the sentence. At the time Utterback committed his offense, the maximum sentence for a Class C felony was eight years, the minimum sentence was two years, and the advisory sentence was four years. Ind. Code § 35-50-2-6 (2005). The trial court sentenced Utterback to seven years, with two years suspended to probation.

Next, we consider the nature of the offense. Utterback isolated his much-younger half-sister in his room at their father's home. He then forced her to remove her clothes and fondled her under threat of violence. This was not the only incident, as the probable cause affidavit (which Utterback stipulated was accurate) indicates that he molested her on several other occasions. Utterback, as the victim's older sibling, violated a position of trust and assaulted the victim in their parent's home, where she should have felt safest. Further, Utterback's actions have severely traumatized the victim. She will not go outside to play unless her grandmother or another relative is present, and she has limited her circle of friends. Finally, Utterback's crimes have interfered with the victim's relationship with their father. She could not visit their father while the case progressed because Utterback continued to live with him.

Turning to Utterback's character, he turned eighteen shortly before the sentencing hearing. He has one juvenile adjudication, for an act that would have constituted dealing

in marijuana had it been committed by an adult. Further, Utterback admitted to frequent use of marijuana for several years prior to the current case. The record also reflects that in the past, Utterback had sexual intercourse with a different younger sibling and forced the victim in this case to watch. Finally, Utterback told the probation officer that the victim was a willing participant in some of the molestations, which contradicts the victim's account of events and indicates an unwillingness to accept responsibility for his crime. He has failed to carry his burden of demonstrating that his sentence is inappropriate.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and ROBB, J., concur.