**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RAFAEL WALKER,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellant-Defendant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No.  49A04-1404-CR-191
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF INDIANA,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellee-Plaintiff.⠀⠀⠀⠀⠀⠀⠀⠀)

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1206-MR-40334

**November 14, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Rafael Walker appeals the judgment of the trial court finding him guilty of Murder,[1] a felony, and Robbery,[2] a class C felony. Walker argues that the evidence was insufficient to support his conviction because the State failed to disprove his claim of self-defense and that his sentence is inappropriate in light of the nature of the offenses and his character. Finding that the State presented sufficient evidence to rebut Walker's self-defense claim and that his sentence is not inappropriate, we affirm.

FACTS

On the morning of June 9, 2012, Carlton Brown left his girlfriend's apartment to sell marijuana to his friend Dustin Perkins. The two met somewhere near 34th Street and Arlington Avenue in Indianapolis. Brown sold Perkins the marijuana and the two parted ways. Later that day, Brown received a call from Perkins complaining about the quality of the marijuana. Brown told Perkins that he would give Perkins a refund and agreed to meet him at the Waterstone Apartments.

Brown, along with his nephews Kendrick and Frederick Vaulx, arrived at the apartments before Perkins. Brown phoned Perkins, who arrived shortly thereafter in a car with two friends, Jerry East and Walker. Brown approached Perkins's car and got into the back seat. Once inside the vehicle, Brown realized that all of the men were armed. Perkins and East, sitting in the front seats, had handguns in their waistbands and Walker, sitting in the back seat, had a shotgun in his lap.

---

[1] Ind. Code § 35-42-1-1.

[2] I.C. § 35-42-5-1.

Brown asked Perkins to drive him to the Lawrence Glen Apartments because he planned on going there after he finished his business with Perkins. Kendrick and Frederick followed in their car. Upon reaching the apartments, both vehicles parked close to each other. At this point, three more of Brown's friends arrived and stood near Kendrick and Frederick's car. Perkins became upset and pulled out a gun, ordering Brown and his friends to empty their pockets. East and Walker also pulled out guns and pointed them at Brown and his friends. Neither Brown nor any of his friends had any weapons. Brown handed Perkins all the money that he had on him.

Perkins, East, and Walker backed away towards their car, still pointing their guns at Brown and his friends, who were beginning to leave. Just as Kendrick and Frederick had gotten back into their car, Perkins yelled at Brown and began shooting. Walker, who at this point had put away his shotgun, pulled out a handgun and began shooting as well. Brown and his friends ran away, with the exception of Frederick, who remained in the front passenger seat of his car. Walker fired a shot, hitting Frederick in the head and killing him.

Walker was charged with murder, felony murder, and robbery. On March 19, 2014, Walker filed a notice that he would be claiming self-defense. On March 26, a jury found Walker guilty of all three counts. The trial court later vacated the felony murder conviction. Finding that the nature of the offense along with Walker's criminal history and his character constituted aggravating factors, the trial court sentenced Walker to sixty years for the murder conviction and six years for the class C robbery conviction. The

3

trial court ordered both sentences to run concurrently, resulting in an aggregate sentence of sixty years. Walker now appeals.

## DISCUSSION AND DECISION

### I. Self-defense

Walker first argues that there was insufficient evidence to support his conviction because the State failed to disprove his claim of self-defense. Walker presented no evidence at trial, but claimed self-defense in his closing argument. Tr. p. 375, 413. Walker argued that he found himself in a situation where shots were being fired around him and that, fearing for his life and not knowing whether Frederick or any of the others were armed, he fired shots in self-defense. Id. at 413-22.

When an appellant challenges the sufficiency of the evidence to rebut a claim of self-defense, we apply the same standard of review as that applied to sufficiency of the evidence claims generally. McCullough v. State, 985 N.E.2d 1135, 1138 (Ind. Ct. App. 2013). We neither reweigh the evidence nor judge the credibility of the witnesses. Id. at 1139. We will not disturb the verdict if there is sufficient evidence of probative value to support the trier of fact's conclusion. Id. We will reverse only if we determine that no reasonable person could find that the State presented sufficient evidence to negate self-defense beyond a reasonable doubt. Id. at 1138.

A defendant who raises a claim of self-defense is required to show three things: (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of death or serious bodily harm. Id. The State then bears the burden of

4

disproving at least one of these elements beyond a reasonable doubt. Id. "The State may meet this burden by rebutting the defense directly, by affirmatively showing the person did not act in self-defense, or by relying upon the sufficiency of its evidence in chief." Id. Whether the State has met its burden is a question of fact. Id.

In this case, because Walker presented no evidence at trial, the State had no opportunity to affirmatively respond to any showing of self-defense. Thus, we do not find that Walker made a showing sufficient to sustain a claim of self-defense. However, even if we assume solely for argument's sake that he did make such a showing, the State presented sufficient evidence in its case in chief to rebut the claim. While Walker may have satisfied the first element—being in a place he had a right to be—the State presented sufficient evidence to negate the last two elements.

First, in regard to acting without fault, this Court has held that one who provokes, instigates, or participates willingly in the violence does not act without fault for purposes of self-defense. Shoulz v. State, 995 N.E.2d 647, 660 (Ind. Ct. App. 2013). Here, the evidence presented at trial clearly showed that Walker and his companions instigated the violence. The State presented eyewitness testimony that Walker began shooting at Frederick shortly after Perkins initiated the shooting. Tr. p. 233. The State also presented testimony showing that Walker and his companions were the only ones armed with weapons. Id. at 66, 234. This evidence was sufficient to allow a jury to reasonably conclude that Walker and his companions instigated and participated willingly in the violence and, therefore, that Walker did not act without fault.

5

Second, the State presented sufficient evidence to rebut any showing Walker could have made regarding a reasonable fear of death or serious bodily injury. Walker was required to show that he subjectively believed that force was necessary to prevent serious bodily injury and that this belief was objectively reasonable. Washington v. State, 997 N.E.2d 342, 349 (Ind. 2013). Once again, the State presented testimony showing that Walker and his companions were the only ones who were armed. Id. Although Walker asserts on appeal that Frederick could have been looking for a gun in the car, no evidence was presented which tended to show this. In fact, the State presented evidence showing that there was not a gun in Frederick's car. Tr. p. 233-34. The jury could reasonably conclude that Walker, armed with both a shotgun and handgun, firing at unarmed individuals, had neither a subjective belief nor an objectively reasonable belief that force was necessary to prevent serious bodily injury. Consequently, Walker's argument that the State failed to disprove his claim of self-defense is unavailing.

## II. Appropriateness of Sentence

Walker next argues that his sixty-year sentence for murder is inappropriate in light of the nature of the offense and his character. Indiana Code section 35-50-2-3(a) provides that "[a] person who commits murder shall be imprisoned for a fixed term of between forty-five (45) and sixty-five (65) years, with the advisory sentence being fifty-five (55) years." Thus, Walker's sentence exceeds the advisory sentence by five years.

Indiana Rule of Appellate Procedure 7(B) allows this Court to revise a sentence authorized by statute if, "after due consideration of the trial court's decision, the Court

6

finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant appeals his sentence under Rule 7(B), the question is not whether a different sentence would be more appropriate, but whether the defendant's sentence is inappropriate. Steinberg v. State, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011). The defendant has the burden of persuading this Court that his sentence is inappropriate. Id.

The advisory sentence is the starting point for the trial court's consideration of an appropriate sentence. Meadows v. State, 785 N.E.2d 1112, 1128 (Ind. Ct. App. 2003). The trial court may deviate from the advisory sentence based upon a balancing of the aggravating and mitigating factors that may be considered pursuant to Indiana Code section 35-38-1-7.1. Id. at 1128-29. "[T]he trial court is not required to give the same weight to the proffered mitigating factors as the defendant does, nor is it obligated to explain why it did not find a factor to be significantly mitigating." Williams v. State, 997 N.E.2d 1154, 1163-64 (Ind. Ct. App. 2013).

Here, the trial court recognized three mitigating factors: that Walker, at twenty-five years old, is still a young man; that he has a child; and that he apologized to Frederick's family. However, the trial court chose not to give great weight to any of these factors. Appellant's Br. p. 15.

The trial court then turned to the aggravating factors, giving significant weight to Walker's criminal history. Id. Walker has a significant juvenile and adult criminal record. The trial court noted that as an adult, Walker had five prior misdemeanor

7

convictions and two prior felony convictions. Id. at 16. The trial court also noted the fact that Walker was on probation for the prior felonies at the time of Frederick's murder. Id. Additionally, the trial court noted that Walker possessed multiple weapons and admitted to having used multiple illegal substances at the time of the murder. Id. The trial court then considered the nature and circumstances of the offense, noting that the murder "occurred in the middle of the day in an apartment complex where there were children." Id. The trial court concluded that "[c]learly the aggravating circumstances outweigh the mitigating circumstances in this case." Id. at 17.

After this consideration, the trial court imposed a sentence of sixty years. While this sentence exceeded the advisory sentence by five years, it also fell five years below the maximum sentence authorized by statute. The principle role of review under Rule 7(B) is to attempt to leaven the outliers. Merida v. State, 987 N.E.2d 1091, 1092 (Ind. 2013). We do not find this sentence to be an outlier. The trial court engaged in a thorough review of both mitigating and aggravating factors and, after finding serious aggravating factors, imposed a sentence that still fell five years below the maximum authorized by statute. Consequently, we find that, in light of the nature of the offense and Walker's character, his sentence is not inappropriate.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.