## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 26 2017, 10:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Anne C. Kaiser
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Calvin Merida,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

July 26, 2017

Court of Appeals Case No.
69A05-1703-PC-637

Appeal from the Ripley Circuit Court

The Honorable Ryan J. King, Judge

Trial Court Cause No.
69C01-1401-PC-1

**Bailey, Judge.**

# Case Summary

In an open plea, Calvin Merida ("Merida") pled guilty to two counts of Child Molesting, as Class A felonies,[1] and was sentenced to sixty years imprisonment. His sentence was affirmed upon appeal. He subsequently brought a petition for post-conviction relief, claiming ineffectiveness of trial counsel related to advice regarding guilty pleas, credit-restricted felon status, and sentencing issues. The post-conviction court denied the petition, and Merida now appeals.

We affirm.

# Issues

Merida presents a single issue for our review, which we restate as whether the post-conviction court erred when it denied his petition for post-conviction relief by concluding that Merida would not have agreed to any of the State's proffered plea agreements.

# Facts and Procedural History

We take a portion of our facts and procedural history from this Court's review of Merida's direct appeal:

---

[1] Ind. Code § 35-42-4-3(a). Merida was tried and convicted before a substantial revision to Indiana's criminal statutes. We refer throughout to the statutes applicable at the time of Merida's offenses.

Merida married his wife, J.M., who at the time of their marriage had a daughter, R.M., from a prior relationship. Merida adopted R.M. as his daughter. On at least two occasions during the period from 2001 to 2007, Merida performed or submitted to sexual intercourse or deviate sexual conduct with R.M. while he was at least twenty-one years of age and R.M. was less than fourteen years of age.

On December 20, 2010, the State filed charges against Merida for eight counts of Child Molesting, as Class A felonies, with each separate count pertaining to one year from 2000 to 2007. On December 21, 2010, the State moved to amend its charging information to add counts Nine and Ten. Count Nine alleged that Merida had committed Child Molesting, as a Class A felony, during the period from January 1, 2001 to November 1, 2001. Count Ten alleged that Merida had committed Child Molesting, as a Class A felony, during the period from December 1, 2001 to December 31, 2007.

On November 28, 2011, the State moved to dismiss the eight original counts, and a jury trial as to Counts Nine and Ten was scheduled for November 30, 2011. After a jury was [empaneled] but before evidence was offered, Merida pled guilty to Counts Nine and Ten.

On January 30, 2012, a sentencing hearing was conducted. At its conclusion, the trial court entered judgments of conviction against Merida and sentenced him to thirty years imprisonment for each of the two counts, with the sentences run consecutively for an aggregate term of imprisonment of sixty years.

*Merida v. State*, No. 69A01-1203-CR-110, Slip op. at 2-3 (Ind. Ct. App. Oct. 13, 2012), *vacated,* 987 N.E.2d 1091 (Ind. 2013) [hereinafter *Merida II*].

[5] Merida appealed, challenging his sentence as inappropriate. This Court revised his sentence downward. *Merida*, No. 69A01-1203-CR-110, Slip op. at 5. The Indiana Supreme Court granted transfer and affirmed the trial court's original aggregate sentence of sixty years. *Merida II*, 987 N.E.2d at 1092.

[6] On January 13, 2014, Merida filed a petition for post-conviction relief. Appointed counsel from the State Public Defender entered an appearance on February 12, 2014.

[7] On September 30, 2016, Merida filed an amended petition for post-conviction relief. In the petition, Merida alleged that he had been denied the effective assistance of trial counsel, contending specifically that his trial counsel had given him legally erroneous advice as to whether a conviction would result in Merida having status as a credit-restricted felon. Had he been correctly advised, Merida alleged, he would have accepted a plea agreement offered by the State, would not have opted to proceed to trial, and would not have entered an open plea after the jury was empaneled but before the opening of evidence.

[8] On February 6, 2017, the post-conviction court conducted a hearing on Merida's petition. The parties submitted proposed findings of fact and conclusions thereon. On March 20, 2017, the post-conviction court entered its order denying Merida's petition for relief. The court found that Merida would not have accepted any of the State's offered plea agreements, regardless of advice of counsel as to credit-restricted status.

[9] This appeal ensued.

# Discussion and Decision

[10] Merida challenges the post-conviction court's denial of his petition for relief. A petitioner in a post-conviction proceeding must bear the burden of establishing grounds for relief by a preponderance of the evidence. *Humphrey v. State*, 73 N.E.3d 677, 681 (Ind. 2017). Upon appeal, the petitioner stands in the position of one appealing a negative judgment. *Id.* "In order to prevail on an appeal from the denial of post-conviction relief, a petitioner must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id.* Upon entering findings and conclusions upon a petition for post-conviction relief, though we will not defer to the court's legal conclusions, the findings and judgment will be reversed "'only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made.'" *Id.* at 682 (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

[11] The Sixth Amendment to the United States Constitution and Article I, section 13 of the Indiana Constitution afford to an accused the right to the assistance of counsel. This right requires the "effective" assistance of counsel. *Powell v. Alabama*, 287 U.S. 45, 72 (1932). Defendants are entitled to the effective assistance of counsel during plea negotiations as well as at trial. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). The United States Supreme Court has held that the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges to guilty pleas relying on claims of ineffective assistance of counsel.

*Lafler*, 566 U.S. at 162-63 (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). The *Strickland* test's two components are:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Failure to establish either part of the *Strickland* test will cause a claim of ineffective counsel to fail. *State v. Greene*, 16 N.E.3d 416, 419 (Ind. 2014).

[12] Here, Merida argues that, when consulting with him on the terms of the State's plea offers, his trial counsel incorrectly advised him as to whether the offenses with which he was charged would, in the event of conviction, result in Merida having the status of a credit-restricted felon. He argues that credit-restricted felon status would have resulted in his having to serve at least 85% of a prison term, rather than the ordinary credit-time scheme of 50% of the imposed prison term. *See* I.C. 35-50-6-3(e) (providing that "[a] person assigned to Class IV earns one (1) day of good time credit for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing"); App'x Vol. II at 73.

[13]     Merida argues that counsel incorrectly advised him that he would have had credit-restricted felon status as a result of a guilty plea to the charged offenses. Had counsel correctly advised him that this was not the case, Merida argues that he would have accepted one of the State's proffered plea agreements. One of these agreements provided for a thirty-year term of imprisonment, with ten years suspended to probation. Had he entered into this agreement, and had the trial court accepted the agreement, Merida argues that he would have faced an actual time-served period of ten years of imprisonment as a non-credit-restricted felon—a term of imprisonment Merida insists he would have accepted. Instead, Merida proceeded to trial without having accepted any plea agreement and, just prior to the opening of evidence, entered an open plea of guilty to two counts of Child Molesting, resulting in an aggregate prison term of sixty years and an actual-time-served period of thirty years.

[14]     Reviewing Merida's claim, the post-conviction court found that while it was likely Merida's counsel had at least reviewed whether Merida would have been a credit-restricted felon upon acceptance of a guilty plea, there was apparent confusion over whether counsel had advised Merida correctly. However, the post-conviction court found that whatever Merida's likely status, he would not have accepted any of the plea agreements offered by the State. In doing so, the court relied on the following testimony from Merida's trial counsel:

> Well, we talked about this… And here's what my memory is.
> My memory was that, when this was brought up to me, that
> somehow Calvin was trying to get to ten (10) do five (5). O.k.? I
> can't point to a particular conversation or why but that was my

memory. [The State] over here was consistently at, well, thirty (30) with five (5) suspended and after that he wouldn't move from thirty (30) with ten (10) and I do think I talked to Calvin about all three (3) of those plea agreements, thirty (30) with five and the thirty (30) with ten (10) suspended. I understand he's disputing the credit issue, but I have a memory that somehow at one point I was trying to get to ten (10) do five (5), maybe using a lesser.

(Tr. Vol. II at 12.)

[15] Based upon this testimony, the post-conviction court found that counsel "recalled that it was his memory that [Merida] was seeking an offer for an executed five (5) actual years in prison." (App'x Vol. 2 at 72.) Looking to the confusion over which counts the credit-restricted status might apply to, and to Merida's refusal to accept other pleas, the court found that "Merida's rejection of three (3) written plea offers was because, as [counsel] testified, Mr. Merida wanted a plea offer to an executed five (5) years in prison." (App'x Vol. 2 at 76.) The post-conviction court then concluded, "However, even the last written plea offer for a clearly non-credit restricted thirty 30 years with 10 (20 do 10 years) suspended did not comport with Mr. Merida's desired ten (10) do five (5) years executed, and was therefore rejected." (App'x Vol. 2 at 77-78.)

[16] We find no error in the post-conviction court's findings and conclusions in this respect. While trial counsel's testimony is perhaps not a model of clarity, the post-conviction court was entitled to credit counsel's testimony over Merida's testimony that he was willing to accept a sentence requiring more than five years of actual time served. Trial counsel's only testimony as to Merida's

expressed wishes was that Merida would not accept a plea that would have required him to serve more than five actual years of imprisonment. The lowest plea agreement offer the State extended to Merida would have required an executed term of twenty years, resulting in ten years of actual time served—at least five more years of actual time served than trial counsel remembered Merida was willing to serve. Assuming *arguendo* that trial counsel provided erroneous advice as to the credit-restricted felon statute, Merida failed to establish that he was prejudiced by the erroneous advice because he did not rely on it in any event.

[17] To the extent Merida argues for the credibility of his testimony concerning the contents of counsel's advice and the terms he would have found acceptable, his argument calls upon us to reassess the post-conviction court's weighing of the testimony of trial counsel. We are foreclosed from doing so by our standard of review. The post-conviction court was entitled to credit counsel's testimony, and the court's conclusions flow logically from its findings. We find no clear error in the trial court's conclusion that Merida was not prejudiced and thus was not entitled to post-conviction relief.

# Conclusion

[18] The post-conviction court did not err when it denied Merida's petition for relief.

[19] Affirmed.

Baker, J., and Altice, J., concur.