OPINION
CRONE, Judge.
Case Summary
Bryant E. Wilson appeals the denial of his motion to correct erroneous sentence. Because his sentencing judgment is not erroneous on its face, we affirm.
Facts and Procedural History
The relevant facts are undisputed. In January 1995, the State charged Wilson with class A felony rape, class A felony criminal deviate conduct, and class B felony robbery. In March 1996, a jury found him guilty as charged. In April 1996, the trial court sentenced Wilson to concurrent terms of forty-five years on each of the class A felony counts and to twenty years on the class B felony count, with fifteen years to be served concurrent with and five years to be served consecutive to the sentences on the class A felony counts, for an aggregate sentence of fifty years. Wilson filed a motion to correct error, which was denied. Wilson then pursued a direct appeal; this Court affirmed his convictions and our supreme court denied his petition for transfer. Wilson subsequently filed a petition for post-conviction relief and a motion for modification of sentence, both of which were denied. Wilson appealed the denial of his post-conviction petition, which was affirmed in 1999. In September 2012, Wilson filed a motion for modifi *1223 cation of sentence, which was denied.[1]
On November 2, 2012, Wilson filed a pro se motion to correct erroneous sentence, in which he argued that “the trial court lacked statutory authority in holding a part of his sentence in abeyance.” Appellant’s App. at 10. The trial court denied the motion. This appeal ensued.
Discussion and Decision
Wilson filed his motion to correct erroneous sentence pursuant to Indiana Code Section 85-38-1-15, which states,
If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.
“The purpose of the statute ‘is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.’ ” Robinson v. State, 805 N.E.2d 783, 785 (Ind.2004) (quoting Gaddie v. State, 566 N.E.2d 535, 537 (Ind.1991)). In Robinson, our supreme court held that
a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.
Id. at 787.[2] “When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable.” Id.
On appeal, Wilson renews his argument that “the trial court lacked statutory authority in holding a part of his executed sentence in abeyance.” Appellant’s Br. at 7. We take this to mean that the trial court allegedly lacked statutory authority to impose partially consecutive sentences. Wilson cites no statute that expressly prohibits partially consecutive sentences, and in fact there is currently a difference of opinion on this Court regarding whether such sentences are permissible.[3] Compare Hull v. State, 799 N.E.2d 1178, 1182 and n. 1 (Ind.Ct.App.2003) (disapproving of partially consecutive sentences for two counts of murder), with Merida v. State, 977 N.E.2d 406, 409-10 (Ind.Ct.App.2012) (disagreeing *1224 with Hull’s rationale and noting that Ind. Code § 35-50-1-2 “does not specifically prohibit partially consecutive sentences such as the one imposed in Hull”) (Crone, J., dissenting), trans. granted (2013). We note that Hull was decided more than seven years after Wilson was sentenced in 1996, and thus there was no legal authority in 1996 that expressly disapproved of partially consecutive sentences.[4] Simply put, Wilson’s sentencing judgment is not erroneous on its face, and therefore the trial court did not err in denying his motion to correct erroneous sentence. Consequently, we affirm.
Affirmed.
FRIEDLANDER, J., concurs.
ROBB, C.J., dissents with opinion.

. None of the foregoing motions, petitions, or appellate decisions were included in the record before us.

. The Robinson court also said, "Because such motions to correct sentence based on clear facial error are not in the nature of post-conviction petitions, we conclude that they may also be filed after a post-conviction proceeding without seeking the prior authorization necessary for successive petitions for postconviction relief under Indiana Post-Conviction Rule 1(12).” 805 N.E.2d at 788.

. The dissent says that "[tjhe statute relevant to consecutive and concurrent sentences provides that the court shall determine whether terms of imprisonment shall be served concurrently or consecutively, but does not provide a path for implementing partially consecutive sentences.” Indiana Code Section 35-50-1-2 does not specifically require that consecutive sentences be served seriatim, or one after another, and thus it could be said to authorize partially consecutive sentences. The trial court in Hull apparently believed this to be the case, and we do not find this belief unreasonable. We hope that our supreme court will put the matter to rest in due course.

. Wilson states, "For clarity and purposes of this appeal, appellant does not contest the trial court's authority to run a sentence concurrent or consecutive per se, but whether, the trial court exceeded its authority to sentence Appellant who committed a Class B felony beyond six (6) to twenty (20) years pursuant to I.C. 35-50-2-5.” Appellant’s Br. at 6 n. 1. Contrary to Wilson's assertion, the trial court did not sentence him to more than twenty years for the class B felony; it merely imposed partially consecutive sentences. Wilson also asserts "that the trial court lacked statutory authority to suspend a sentence that has been executed.” Appellant's Br. at 9. The State correctly observes that "no part of [Wilson’s] sentence was suspended by the trial court; he received a fully-executed fifty-year sentence.” Appellee’s Br. at 7 n. 3.