APPELLANT PRO SE
Bryant E. Wilson
New Castle, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR AMICUS
CURIAE STATE PUBLIC
DEFENDER
Stephen T. Owens
Public Defender of Indiana

James T. Acklin
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
AMICUS PROFESSORS
John D. Cowan
Fort Wayne, Indiana

# In the
# Indiana Supreme Court

**FILED**
Apr 01 2014, 10:38 am

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 27S02-1309-CR-584

BRYANT E. WILSON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Grant Circuit Court, No. 27C01-1006-FC-160
The Honorable Mark E. Spitzer, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 27A02-1212-CR-1012

**April 1, 2014**

**David, Justice.**

When a defendant is convicted for multiple crimes arising out of a single course of criminal conduct, Indiana's sentencing statutes provide trial courts with some discretion in ordering the individual sentences for those crimes to run consecutively or concurrently. Here, a defendant's aggregate sentence was imposed in such a way that one of the individual sentences was effectively a hybrid—it was ordered partially concurrent to the other sentences, and partially consecutive.

Is this form of sentence permissible? Because trial courts are limited to sentences authorized by statute, and because the relevant provisions of the Indiana Code here do not authorize such a hybrid sentence, the answer must be "no." We therefore remand this case to the trial court for resentencing.

**Facts and Procedural History**

In 1995, a jury found Bryant Wilson guilty of rape as a class A felony, criminal deviate conduct as a class A felony, and armed robbery as a class B felony. The trial court sentenced him to forty-five years for each of the class A felony convictions and twenty years for the class B felony conviction. The forty-five-year sentences were ordered to be served concurrent to one another, but the twenty-year sentence was split: fifteen years were to be served concurrent with the forty-five-year sentences, and five years were to be served consecutive to them. The result was an aggregate sentence of fifty years.

In 2012, after over a decade of unsuccessfully pursuing relief through a direct appeal, a petition for post-conviction relief, a petition for a writ of habeas corpus, and a motion for sentence modification, Wilson filed a pro se verified motion to correct erroneous sentence. He claimed that the trial court's sentencing order effectively held the final five years of his sentence for robbery in abeyance, without the statutory authority to do so. As a consequence, he argued that he was entitled to correction of his sentence. The State filed an objection to his motion.

2

The trial court concluded that Wilson's aggregate sentence—in spite of its inclusion of a partially consecutive sentence—was not greater than the presumptive sentence for a felony one class higher than the most serious felony for which Wilson was convicted. It therefore denied Wilson's motion.

Wilson appealed, and the Court of Appeals affirmed in a split opinion. Wilson v. State, 988 N.E.2d 1221 (Ind. Ct. App. 2013). The majority found that no statutory provisions prohibited the imposition of a partially consecutive sentence like the one Wilson received, and that the case law indicated a split in the Court of Appeals as to whether such sentences are permissible. Id. at 1223–24. Chief Judge Robb dissented, believing instead that trial courts may only impose sentences that are authorized by statute, as opposed to only being limited to sentences that are not prohibited by statute. Id. at 1224–25 (Robb, C.J., dissenting).

We granted transfer, thereby vacating the Court of Appeals opinion. Wilson v. State, 993 N.E.2d 625 (Ind. 2013) (table); Ind. Appellate Rule 58(A). We did not hold oral argument, but to supplement Wilson's pro se brief we requested additional briefing from the Public Defender of Indiana and other interested parties as to whether the imposition of a partially consecutive sentence is permissible. We thank the Public Defender of Indiana, and Professors Charles MacLean, James Berles, and Adam Lamparello (collectively, "the Amicus Professors") of the Indiana Tech Law School in Fort Wayne, for responding and providing their additional insights.[1]

**Partially Consecutive Sentences Are Not Authorized By Statute**

Chief Judge Robb was correct when she said that "sentencing is a creature of the legislature and [] we are limited to sentences that have been expressly permitted by the

---

[1] The State also filed a supplemental brief in response to our request.

3

legislature." Wilson, 988 N.E.2d at 1224. "[C]ourts are limited to imposing sentences that are *authorized* by statute, rather than only being limited to sentences that are not *prohibited* by statute." Id.

This view reflects our traditional approach to sentencing. See, e.g., Laux v. State, 821 N.E.2d 816, 819 (Ind. 2005) (sentencing statutes for murder and burglary "do not authorize imposition of a no-contact order as part of an executed sentence"); Douglas v. State, 464 N.E.2d 318, 320 (Ind. 1984) ("While the judge is vested with broad discretion in sentencing, he must act within statutorily prescribed limits."); Weaver v. State, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000) ("a trial court's sentencing authority is only that which is conferred by the legislature, and it does not possess the power to impose sentences beyond the statutorily prescribed parameters"); Barnett v. State, 414 N.E.2d 965, 966 (Ind. Ct. App. 1981) ("The imposition of restitution is not within the sentencing statute. Therefore, the judge was without the power to impose restitution as part of the sentence and its imposition was a nullity."); see also Ind. Code § 1-1-2-2 (2005) ("Crimes shall be defined and punishment therefor fixed by statutes of this state and not otherwise."); Ind. Code § 35-38-1-30 (2008) (now authorizing trial judges to impose no-contact orders as part of executed sentence). The trial judge's sentencing discretion lies within the bounds that society—by way of its elected legislature—has placed as the minimum, maximum, and general nature of penalties for behavior that society wishes to prohibit. And these bounds are given shape and form in our criminal sentencing statutes.

The State Public Defender said it well: "[t]here is value to predictability and consistency in the law." (Public Defender's Br. at 6.) So this view also reflects a consideration of both our traditional views of due process and the deterrent effect that criminal sentencing attempts to serve. Because if defendants do not know the full range of penalties to which they will be subjected should they choose to commit a crime, then it cannot be said that their decision to act was fairly informed by the knowledge that it would be punishable to a certain degree—and that knowledge is likewise unavailable to deter them from acting at all.

The question then becomes whether the statute under which Wilson was sentenced authorized the trial judge to impose a partially consecutive sentence. Wilson, the Public Defender of Indiana, the Amicus Professors, and now the State all agree that it did not—nor does it now. We agree as well. Cf. Hull v. State, 799 N.E.2d 1178, 1182 (Ind. Ct. App. 2003) (reversing partially consecutive sentences for multiple murder convictions as not authorized by statute).

The statute in question provides that "the court shall determine whether terms of imprisonment shall be served concurrently or consecutively," except in certain enumerated exceptions. Ind. Code § 35-50-1-2(c) (Supp. 2013).[2] We agree with the State's reading of this provision, in that "the plain language of the statute contemplates only consecutive or concurrent terms, not a hybrid of both, for a sentence on one count." (State's Supp. Br. at 6.) And as the Amicus Professors point out, the concepts of "partially consecutive," "hybrid," or "blended" sentences do not arise in any sentencing provision of the Indiana Code. In other words, the Indiana Code grants the trial court discretion to determine, subject to certain qualifications, whether sentences are served consecutively or concurrently; but nothing in our statutory sentencing scheme grants a trial court authority to split a sentence into a partially concurrent sentence, with the remainder to be served consecutive.

Indeed, reading the statute to permit such a hybrid sentence would present dangers of absurd and complicated circumstances unfair to the defendant, the courts, and society—a result surely not desired by the General Assembly. See Sales v. State, 723 N.E.2d 416, 420 (Ind. 2000)

---

[2] Those exceptions include when a person is arrested for one crime and then commits another crime before being released from the sentence for the first, in which case the second sentence shall be served consecutively, Ind. Code § 35-50-1-2(d), and if a person uses a firearm in commission of the offense, the separate crime of using a firearm to commit a crime requires a consecutive sentence, Ind. Code § 35-50-1-2(e). The pertinent part of this statute—that the court shall determine whether sentences are served concurrently or consecutively—was in effect at the time Wilson committed his crimes in 1995. See Ind. Code § 35-50-1-2 (Supp. 1994).

("The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an unjust or absurd result."). As the Court of Appeals pointed out in Hull,

> [t]o conclude otherwise could lead to some rather complicated scenarios. For instance, if Hull's sentence on Count I was overturned for some reason, would he be free for ten years before having to report to the Department of Correction to begin serving his sentence on Count II? Would he need to be monitored during the ten year hiatus? What if he committed another crime during those ten years? Could he request that he begin serving his sentence immediately rather than having it hanging over him for a decade?

Hull, 799 N.E.2d at 1182 n.1. We therefore expressly hold that absent specific authorization by the General Assembly not found in the current statutory scheme, trial courts may not impose partially consecutive, hybrid, or blended sentences for multiple convictions. They may impose consecutive sentences or concurrent sentences within the bounds of the statutory provisions— and may impose some sentences as consecutive and some as concurrent in a single sentencing order—but may not split a conviction's sentence such that a portion of it is served consecutive to other sentences and a portion served concurrent.[3]

---

[3] The Amicus Professors argue that there are only two possible sentencing alternatives coming out of this statute—all sentences served concurrently, or all served consecutively. By way of example, their proposed remedy here is based on the notion that Wilson's three sentences must either all be served concurrently (for an aggregate of forty-five years) or all served consecutively (for an aggregate of 110 years).

They cite no authority for this view on our sentencing scheme, and we agree with the State that this is not the law. It is a relatively common practice for courts in this state to fashion an aggregate sentence involving three or more convictions so that some sentences are served concurrently and others served consecutively—particularly when two or more of the convictions are for the same offense—and we think that comports with the language of the statute. For example, a defendant sentenced to two counts of Crime A and two counts of Crime B could be sentenced to the same terms of imprisonment for each count of Crime A, to be served concurrently to each other, and the same terms for each count of

6

Wilson's sentence was therefore in violation of the trial court's statutory authority and he is entitled to relief in the form of resentencing. See Ind. Code § 35-38-1-15 (2008) (erroneous sentence does not render sentence void, but it shall be corrected); Dragon v. State, 774 N.E.2d 103, 108–09 (Ind. Ct. App. 2002) (sentence imposed without statutory authority facially defective and defendant entitled to resentencing under Ind. Code § 35-38-1-15). And when a trial court is ordered to resentence a defendant, it cannot impose a more severe penalty than originally imposed "unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes which includes reliance upon identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence." Ind. Post-Conviction Rule 1(10)(b); Hicks v. State, 729 N.E.2d 144, 146 (Ind. 2000) (affirming resentencing to forty years for murder plus twenty-year enhancement, when original sentence of fifty years plus ten-year enhancement was imposed pursuant to wrong sentencing statute). This rule applies with equal force here, though Wilson's motion to correct an erroneous sentence did not arise in the context of a post-conviction relief case.[4]

The parties nevertheless disagree as to the scope of Wilson's new sentence. Wilson argues that his three sentences should be viewed as having been served entirely concurrent to one another; which means his fifteen-year sentence for armed robbery has by now been fully executed. The Amicus Professors, as we said, argue that Wilson must be resentenced to a fully concurrent forty-five years in prison as the only other alternative is a 110-year, fully consecutive sentence—and that would impermissibly exceed his original sentence. But the State argues that

---

Crime B, to be served concurrently to each other; but the terms for Crime(s) A and Crime(s) B could be served consecutively—assuming the statutory requirements are met for imposing consecutive terms—making the defendant's aggregate sentence the sum of the sentences for Crime(s) A and Crime(s) B.

The operative question we faced today was whether that same language would allow a single sentence to be split into both concurrent and consecutive forms. It does not.

[4] See Wright v. State, 836 N.E.2d 283, 293 n.8 (Ind. Ct. App. 2005) ("We are aware this case is not a post-conviction relief case. However, neither was Hicks.") r'hing granted, trans. denied.

Wilson's challenge to his sentence is a challenge to the imposition of a partially executed portion of the sentence—not a challenge to the trial court's authority to impose an aggregate sentence of fifty years—and therefore that remains the maximum penalty Wilson may face.[5]

We agree with the State. At the time Wilson was originally sentenced, the Indiana Code provided for a twenty-five-year fixed term for a class A felony conviction, with no more than ten years deducted for mitigating circumstances and no more than twenty years added to enhance the sentence for aggravating factors. Ind. Code § 35-50-2-4 (Supp. 1994). The penalty range for a class B felony was from six to twenty years, with a fixed term of ten years. Ind. Code § 35-50-2-5 (1993). The law also provided that when a defendant was sentenced to consecutive terms of imprisonment for multiple convictions arising out of a single course of conduct, the total of those terms could not exceed the presumptive sentence for a felony one class higher than the highest class of felony for which the defendant was convicted. Ind. Code § 35-50-1-2(a) (Supp. 1994). And at the time he was sentenced, the presumptive sentence for the next higher class of felony—murder—was fifty years. Ind. Code § 35-50-2-3(a) (Supp. 1994).[6] Thus, when Wilson was

---

[5] The Public Defender of Indiana's amicus brief was specifically aimed at the question we posed when we invited additional briefing—whether the imposition of a partially executed sentence was proper—and therefore did not extend to the nature of Wilson's remedy.

[6] This provision was amended twice in 1994, within the span of a few weeks. The first amendment changed the presumptive sentence for murder from forty to fifty years; the second excluded mentally retarded defendants from death penalty and life without parole consideration, but failed to incorporate the change from the first amendment. See Smith v. State, 675 N.E.2d 693, 695–96 (Ind. 1996). There were therefore two presumptive sentences for murder in the Indiana Code until the General Assembly corrected the problem in May 1995. Id. at 695 n.3. Construing the statutory amendments against the State, we concluded that until the 1995 amendment the presumptive sentence for murder remained forty years. Id. at 697.

Nevertheless, Wilson does not now argue that the forty-year presumptive sentence for murder—which was in effect when he committed his crimes of rape, criminal deviate conduct, and robbery—should have applied to cap his consecutive sentences when he was sentenced in 1995. In fact, he appears to have advocated for the fifty-year cap at his own sentencing. And now he argues for a maximum sentence of forty-five years, but only because he contends that his sentence for robbery is now fully executed.

8

sentenced the trial court could not impose consecutive sentences in a way that made his aggregate sentence greater than fifty years—and its sentence complied with this requirement.

It seems apparent that Wilson's original sentencing court intended to give Wilson the maximum sentence possible. So it imposed the maximum penalties for each individual conviction, and in support cited a number of aggravating factors, including Wilson's prior felonies and the fact that he was on parole when he committed the offenses at issue here. It then tried to arrange those individual sentences in a way that also maximized Wilson's aggregate sentence. But in trying to accomplish this last step, it erred.

There are a number of ways that Wilson's aggregate sentence of fifty years can be effectuated by the trial court on remand, if it is merited. Imposing a partially consecutive sentence for one of the individual convictions is not one of them.

## Conclusion

We reverse the trial court's denial of Wilson's motion to correct erroneous sentence, and remand so that he may be resentenced for his rape, criminal deviate conduct, and armed robbery convictions. In doing so, the trial court may not exceed the aggregate term of fifty years that Wilson received in his original sentence.

Dickson, C.J., Rucker, Massa, and Rush, JJ., concur.

9