## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2017, 7:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of
Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fabian Roman Rubio, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | January 17, 2017 <br><br> Court of Appeals Case No. <br> 50A05-1608-CR-1836 <br><br> Appeal from the Marshall Superior Court <br><br> The Honorable Robert O. Bowen, Judge <br><br> Trial Court Cause No. <br> 50D01-1505-MR-3 |

**Baker, Judge.**

[1]     Fabian Rubio appeals the sentence imposed by the trial court after Rubio pleaded guilty to murder, arguing that the trial court improperly calculated jail time credit owed to Rubio. The State concedes that an error was made. We agree, and remand for resentencing.

[2]     On June 15, 2016, Rubio pleaded guilty to murder. At the time of sentencing, he was already serving a sentence under a separate cause for class C felony sexual misconduct with a minor. On July 14, 2016, the trial court sentenced Rubio to sixty-five years imprisonment for murder. It ordered the murder sentence to be served concurrently with the sexual misconduct sentence:

> I'm going to order that this sentence on murder run concurrent with the sentence that you are currently serving. However, the sentence for murder starts today. *You're not going to receive any credit for time already served on the—on the sexual misconduct so the concurrency starts today but no credit for that period of time*, so you're running concurrent for approximately, I believe, it's approximately two (2) years.

Tr. Vol. II p. 57 (emphasis added).

[3]     The State concedes that "[t]he trial court lacked statutory authority to order Defendant's sentence concurrent with his sentence under [the sexual misconduct cause] without also awarding jail time credit in both causes. While it appears the trial court was attempting to impose partially concurrent sentences, our Supreme Court has determined that practice is not permitted by statute." Appellee's Br. p. 5-6. Evidently, the trial court attempted to order a "partially concurrent or hybrid sentence by not awarding jail credit time and

instead stating 'the concurrency starts today,'" *id.* at 8 (quoting Tr. Vol. II p. 57), but our Supreme Court has explicitly held that such "partially consecutive, hybrid, or blended sentences for multiple convictions" are not authorized by statute. *Wilson v. State*, 5 N.E.3d 759, 764 (Ind. 2014). Consequently, we agree with Rubio and the State that this sentence was improper and hereby remand to the trial court for resentencing.

[4] The judgment of the trial court is remanded for entry of a new sentencing order.

Mathias, J., and Pyle, J., concur.