TIMOTHY P. CANNON, J.
*2 {¶ 1} Appellant, Branden S. Edwards, appeals from the May 15, 2017 judgment of conviction of the Geauga County Court of Common Pleas. For the following reasons, the trial court's judgment is affirmed in part and vacated in part.
{¶ 2} On November 8, 2016, appellant was indicted by the Geauga County Grand Jury on the following charges: Count 1, Domestic Violence, a fifth-degree felony, in violation of R.C. 2919.25(A) and (D)(5) ; Count 2, Possession of Heroin, a fourth-degree felony, in violation of R.C. 2925.11(A) and (C)(6)(b) ; Count 3, Possession of Cocaine, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(4)(a) ; and Count 4, Obstructing Official Business, a fifth-degree felony, in violation of R.C. 2921.31(A). Appellant entered a plea of not guilty to the charges in the indictment.
{¶ 3} Pursuant to a plea agreement with appellee, the state of Ohio, appellant later pleaded guilty to an amended Count 1, to wit: Attempted Aggravated Assault, a fifth-degree felony in violation of R.C. 2903.12(A)(1) and R.C. 2923.02(A) ; a lesser-included offense of Count 2, to wit: Possession of Heroin, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(6)(a) ; and Count 4 (Obstructing Official Business). Count 3 (Possession of Cocaine) was dismissed.
{¶ 4} On April 25, 2017, the trial court sentenced appellant to a prison term of 12 months on amended Count 1, to run consecutively to appellant's sentence in case No. 2016 C 000029. The trial court also informed appellant he may be subject to up to three years of post-release control on that count after his release from prison. Regarding Count 2 and Count 4, the trial court's sentencing entry states:
For Possession of Heroin * * * and [f]or Obstructing Official Business * * * a total of three (3) years community control sanctions.
* * *
One hundred eighty (180) days residential community control in the Geauga County Safety Center and up to one hundred eighty (180) days in NEOCAP.
Upon notification by NEOCAP of bed availability, defendant shall be transported to said facility. Defendant shall enter and successfully complete the NorthEast Ohio Community Alternative Program.
* * *
Upon defendant's completion of NEOCAP, the defendant shall serve the balance of one hundred eighty (180) days residential community control at the Geauga Safety Center.
The balance of the three years of community control was to be non-residential. The trial court also reserved a prison term of 12 months each for Count 2 and Count 4 to be imposed for any violation of the community control sanctions. The trial court entered its judgment of conviction on May 15, 2017.
{¶ 5} Appellant noticed a timely appeal from the judgment of conviction.
{¶ 6} Appellant asserts one assignment of error on appeal:
{¶ 7} "The trial court erred in sentencing Defendant-Appellant to a 'blended sentence,' by imposing upon him a prison term on one offense consecutive to a term of community control on others."
{¶ 8} We generally review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2), which states:
The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the *3 matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
(a) That the record does not support the sentencing court's findings under [ R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.10(I) ], whichever, if any, is relevant;
(b) That the sentence is otherwise contrary to law.
{¶ 9} Appellant argues it was improper for the trial court to impose his community control sanctions consecutively to or concurrently with his prison sentence because there is no express statutory authorization for such a sentence.
{¶ 10} Here, the trial court did not specify whether appellant's community control sanctions were to run consecutively to or concurrently with his prison sentence. However, the clear effect of the sentence as imposed was to require the residential portion of the community control sanctions on Count 2 and Count 4 to be served consecutively to the prison term on Count 1.
{¶ 11} Appellant cites State v. Anderson , 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512 in support of his argument. He relies on the Ohio Supreme Court's statement that "because ' "sentencing is a creature of the legislature * * * courts are limited to imposing sentences that are authorized by statute, rather than only being limited to sentences that are not prohibited by statute." ' " Id. at ¶ 13, quoting Wilson v. State , 5 N.E.3d 759, 762 (Ind.2014), quoting Wilson v. State , 988 N.E.2d 1221, 1224 (Ind.App.2013) (Robb, C.J. dissenting) (emphasis sic). In Anderson , the Supreme Court held that the felony sentencing statutes do not expressly authorize a no-contact order to be imposed for a felony offense. Id. at ¶ 16. In interpreting the Revised Code, however, the Court determined that no-contact orders are considered community control sanctions and ultimately held "[a] trial court cannot impose a prison term and a no-contact order [which is a community control sanction] for the same felony offense." Id. at ¶ 1 (emphasis added).
{¶ 12} Appellant asks us to apply the dicta in Anderson too broadly, and although it is not expressly authorized, it was not error for the trial court to run appellant's non-residential sanctions concurrently with his prison sentence for a separate offense. See State v. Paige , 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 9-10. However, in Paige , the Ohio Supreme Court recently observed that none of the exceptions in R.C. 2929.41(A) apply to allow confinement in a community based residential facility subsequent to a prison term imposed in the same case. Id. at ¶ 13.
{¶ 13} R.C. 2929.41 governs the trial court's imposition of sentence for multiple offenses. R.C. 2929.41(A) provides: "Except as provided in [ R.C. 2929.41(B), R.C. 2929.14(C), or R.C. 2971.03(D) or (E) ], a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States."
{¶ 14} Although the Revised Code does not define "sentence of imprisonment," R.C. 1.05(A) provides, in pertinent part:
[U]nless the context otherwise requires, 'imprisoned' or 'imprisonment' means being imprisoned under a sentence imposed for an offense or serving a term of *4 imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in * * * a county * * * jail or workhouse, a minimum security jail, [or] a community-based correctional facility[.]
Accordingly, serving residential sanctions in the Geauga County Safety Center and in NEOCAP is "imprisonment," and the imposition of a term at one of those facilities is a "sentence of imprisonment" under R.C. 2929.41(A). See Paige , supra , at ¶ 12 ; see also State v. Barnhouse , 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, ¶ 12. Because none of the exceptions in R.C. 2929.41(A) for the imposition of consecutive sentences apply in this case, the trial court could not order the residential community control sanctions to begin after appellant's prison sentence. Accordingly, we vacate that portion of appellant's sentence. See id. at ¶14.
{¶ 15} Appellant's sole assignment of error has merit to the extent discussed above.
{¶ 16} This court subsequently ordered supplemental briefing from the parties to address the limited issue of whether the sentence imposed on appellant for Count 2 and Count 4 constitutes a prohibited "sentencing package" pursuant to State v. Saxon , 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.
{¶ 17} In Saxon , the Supreme Court of Ohio held that the Ohio felony sentencing statutes do not allow for "sentencing packages" i.e., the imposition of one overarching sentence for multiple offenses. Id. at ¶ 8. Judges must consider each offense separately and impose a separate sentence for each offense. Id. at ¶ 9. "[A] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." Id. at paragraph one of the syllabus. As community control sanctions are criminal penalties subject to Ohio's felony sentencing statutes, pursuant to R.C. 2929.15, they must also be imposed individually for each offense. State v. Williams , 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, 2011 WL 775909, ¶ 21 (relying on Saxon ).
{¶ 18} Here, the trial court imposed one overarching three-year sentence of community control sanctions on Count 2 and Count 4. That sentence constitutes an impermissible sentencing package. Accordingly, we must also vacate that portion of appellant's sentence and remand for the trial court to impose separate terms of community control on Count 2 and Count 4. See State v. Evans , 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113, ¶ 17 ; State v. South , 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 26-27, Saxon , supra , at ¶ 30.
{¶ 19} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed in part and vacated in part. This matter is remanded for further proceedings consistent with this opinion.
DIANE V. GRENDELL, J.,
CYNTHIA WESTCOTT RICE, J.,
concur.