[Cite as *State v. Davies*, 2019-Ohio-2282.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0049** |
| ROBERT DAVIES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2001 CR 00165.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Robert Davies,* pro se, 7455 Harmon Road, Conneaut, OH 44030 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Robert Davies, appeals the May 14, 2018 Judgment of the Ashtabula County Court of Common Pleas overruling his motion to withdraw his guilty plea without a hearing. For the reasons set forth herein, we affirm.

{¶2} In November 2001, Mr. Davies pleaded guilty to one count of Possession of Crack Cocaine, a felony of the fifth-degree, in violation of R.C. 2925.11. He was sentenced to two years of community control and ordered to serve four to six months at

a correctional treatment facility. He did not appeal this conviction. Fifteen years later, he requested and received copies of the incident report and laboratory reports from his 2001 case. Mr. Davies then filed a pro se motion to vacate his conviction and dismiss the indictment, arguing he received new information. The trial court treated his motion as a petition for post-conviction relief and dismissed the petition as barred by res judicata because the information that he argues was just received was available to him and his public defender when he pled guilty in 2001. On appeal, this court affirmed the trial court's judgment and, subsequently, denied his motion for reconsideration.

{¶3} In March 2018, Mr. Davies filed a Motion to Withdraw Plea of Guilty Pursuant to Crim.R. 32.1, arguing his jury waiver was not made knowingly, intelligently, and voluntarily. The trial court overruled his motion in a May 14, 2018 Judgment, finding his claims were barred by res judicata as he raises the same arguments he raised in his previous motions. Mr. Davies filed the instant appeal assigning two assignments of error for our review.

{¶4} Mr. Davies' first assignment of error states:

{¶5} "The split sentence of both imprisonment and probation for the same felony offense is contrary to law."

{¶6} Mr. Davies purports his Crim.32.1 motion should be construed as a presentence motion because, as he argues, his conviction was void and, therefore, should be treated as if he were never sentenced. We disagree.

{¶7} "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." (citations

2

omitted) *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, ¶27. The distinction is important for the case sub judice; res judicata applies to voidable sentences but has not been applied to void sentences. *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, ¶30, *superseded on other grounds by statute.* A voidable sentence may only be set aside if successfully challenged on a timely, direct appeal. *Payne,* at ¶28; *see also, Simpkins,* at ¶30; *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, ¶¶9, 18 ("But once the time for filing an appeal has run, Ohio courts are limited to correcting a void sanction.").

{¶8} Generally, sentencing errors are voidable, not void. *Simpkins,* at ¶13. In *Simpkins,* the Supreme Court of Ohio noted an exception to this general rule: "[b]ecause no judge has the authority to disregard the law, a sentence that clearly does so is void. * * * If a judge imposes a sentence that is unauthorized by law, the sentence is unlawful." *Id.* at ¶¶20, 21. Thus, we must address whether Mr. Davies' sentence was expressly permitted by statute or contrary to law in order to determine whether the alleged sentencing error is a void or voidable error.

{¶9} Both Mr. Davies and the prosecution cite *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813 in support of their positions on appeal. In *Paige*, the Supreme Court of Ohio stated: "Split sentences are prohibited in Ohio. Generally, pursuant to the felony-sentencing statutes [R.C. 2929.11 through R.C. 2929.19], a court must impose either a prison term or a community-control sanction as a sentence for a particular felony offense—a court cannot impose both for a single offense." *Id.* at ¶6. Mr. Davies asserts his sentence of 4 to 6 months in a correctional treatment facility, NEOCAP, a residential community control sanction, is classified as a term of imprisonment and thus,

3

in combination with his term of nonresidential community control, his entire sentence was an impermissible "split" or "blended" sentence.

{¶10} In support of his argument, Mr. Davies cites *State v. Edwards*, 11th Dist. Geauga No. 2017-G-0122, 2018-Ohio-2462, in which this court found that "serving residential sanctions in the Geauga County Safety Center and in NEOCAP is 'imprisonment,' and the imposition of a term at one of those facilities is a 'sentence of imprisonment' under R.C. 2929.41(A)." *Id.* at ¶14. However, therein lies the critical distinction: the application of R.C. 2929.41. *Edwards* and *Paige* both apply R.C. 2929.41, a statute governing imposition of multiple sentences; the case sub judice involves a single sentence and, thus, is distinguishable. *See also State v. Reyes*, 8th Dist. Cuyahoga No. 107323, 2019-Ohio-1127 (finding a combination of residential and nonresidential community control sanctions to be allowed by R.C. 2929.15 and not governed by *Paige* and R.C. 2929.41.); *State v. Peterson*, 8th Dist. Cuyahoga No. 102428, 2015-Ohio-4581 (finding a sentence of 180 days in local incarceration followed by six months in a community-based correctional facility to be allowed by R.C. 2929.15.).

{¶11} In finding that Mr. Davies' sentence was permissible, we do not contradict *Edwards* or *Paige*; rather, we apply an exception to the general rule. "*Generally*, pursuant to the felony-sentencing statutes, a court must impose either a prison term or a community-control sanction as a sentence for a particular felony offense * * * ." (emphasis added) *Id.* at ¶6. R.C. 2929.15 grants an express exception:

> {¶12} If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one *or more* community control sanctions

4

authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code. (emphasis added.) R.C. 2929.15(A)(1).

{¶13} It is undisputed that Mr. Davies was sentenced for a felony that did not require a mandatory prison term, life imprisonment or otherwise. Thus, the court was free to impose a sentence that included one or more community control sanctions as authorized by R.C. 2929.16 through R.C. 2929.18.

{¶14} R.C. 2929.16 permits the imposition of residential community control sanctions, such as NEOCAP, to which Mr. Davies was sentenced. R.C. 2929.17 permits the imposition of nonresidential community control sanctions, such as those to which Mr. Davies was sentenced. R.C. 2929.15 expressly permits both residential and nonresidential community control sanctions to be imposed for one conviction.

{¶15} Thus, because we find that Mr. Davies' sentence was expressly permitted statute, his alleged error would be one that is voidable, and thus may only be attacked on direct appeal. As Mr. Davies did not directly appeal his sentence in 2001, but waited 15 years to allege error, his appeal sub judice is barred by res judicata.

{¶16} Mr. Davies' first assignment of error is without merit.

{¶17} Mr. Davies' second assignment of error states:

{¶18} "The trial court abused its discretion when it denied appellant's Crim.R. 32.1 motion to withdraw the guilty plea without a hearing."

{¶19} Instead of discussing the court's alleged error, Mr. Davies sets forth three issues under his second assignment of error arguing why his claim is not barred by res judicata.

5

{¶20} [1] "Res judicata does not bar appellant's Crim.R. 32.1 motion, even if it involves the same course of wrongful conduct alleged earlier, when the earlier allegations were not resolved on the [merits]."

{¶21} [2] "Res judicata does not bar appellant's Crim.R. 32.1 motion, even if it involves the same course of wrongful conduct alleged earlier, when the motion alleges new facts that were not known at the time of the earlier action."

{¶22} [3] "A transcript of the plea hearing is not required when appellant's claims can be resolved by referring to other parts of the record."

{¶23} "We review a trial court's decision to grant or deny a post sentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1 for abuse of discretion." *State v. Massey*, 11th Dist. No. 2016-L-030, 2017-Ohio-706, ¶7. "Abuse of discretion" is a "term of art, connoting judgment exercised by a court which neither comports with reason, nor the record. * * * An abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Id., quoting*, *Thomas v. Cleveland*, 8th Dist. No. 89724, 2008-Ohio-1720 ¶15.

{¶24} "Pursuant to Crim.R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of proving that such a withdrawal is necessary to correct a manifest injustice. A manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea." (Citations omitted.) *State v. Taylor,* 11th Dist. No. 2002-L-005, 2003-Ohio-6670, at ¶8.

{¶25} As we discussed above, Mr. Davies' appeal is barred by res judicata. His arguments in his second assignment of error do not persuade us otherwise. "Res

judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or *could have been raised on appeal.* Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or *could have been raised at trial or on appeal.*" (Emphasis added; citations omitted.) *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶59. Because res judicata bars an appellant from raising the same claims as previously raised, and those claims that an appellant could have raised on appeal, the only issue under Mr. Davies' second assignment of error we review is the second in which he asserts he received new information.

{¶26} Our review of the record, however, does not show new information. While the information may have been new to Mr. Davies, the information itself was not recently created or discovered. Nothing prevented Mr. Davies, or his court-appointed counsel, from requesting these documents within the timeframe allowed for appeal. The documents he received regarding his conviction are all dated before he was sentenced. As Mr. Davies' arguments could have been raised on direct appeal, his present appeal is barred by res judicata.

{¶27} Mr. Davies' second assignment of error is without merit.

{¶28} In light of the foregoing, the May 14, 2018 Judgment of the Ashtabula County Court of Commons Pleas is affirmed.

MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

7