## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2020, 7:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Shaun L. Steele | Curtis T. Hill, Jr. |
| Bunker Hill, Indiana | Attorney General of Indiana |
| | |
| | Samuel J. Dayton |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shaun L. Steele, | January 24, 2020 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 19A-CR-79 |
| v. | Appeal from the Elkhart Superior Court |
| State of Indiana, | The Honorable Stephen R. Bowers, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 20D02-1007-FC-60 |

**Barnes, Senior Judge.**

# Statement of the Case

Shaun L. Steele appeals the trial court's denial of his motion to correct erroneous sentence. We affirm.

# Issues

Steele presents three issues in his appeal of the denial of his motion to correct his sentence:

  I.    Whether the trial court erred by imposing an impermissible hybrid sentence.

  II.   Whether the trial court erred by suspending a portion of the habitual offender enhancement.

  III.  Whether Steele's credit time has been correctly calculated.

# Facts and Procedural History

Based on an incident in July 2010, Steele was charged with resisting law enforcement as a Class D felony, operating a vehicle while intoxicated as a Class A misdemeanor, and receiving stolen property as a Class C felony, which was enhanced, under a progressive penalty statute,[1] from a Class D felony due to a previous conviction of auto theft. The State also alleged that Steele was an habitual offender. Steele pleaded guilty to all of these charges and admitted to

---

[1] *See* Ind. Code § 35-43-4-2.5 (1991). This statute was repealed effective July 1, 2018.

being an habitual offender. The court sentenced Steele to eight years for receiving stolen property, enhanced by an additional eight years for his status as an habitual offender. Those sentences were to be served consecutive to the concurrent sentences of two years for his resisting conviction and one year for his operating while intoxicated conviction.

[4] In 2011, Steele filed a post-conviction petition alleging that trial counsel was ineffective for not challenging what he alleged was an impermissible double enhancement—the habitual offender enhancement in addition to the enhancement of the receiving stolen property offense. The post-conviction court granted his petition, and the State appealed. This Court reversed the post-conviction court because, at the time Steele was sentenced, *Beldon v. State*, 926 N.E.2d 480 (Ind. 2010) provided that a prior conviction could not be used to enhance a felony under both the progressive penalty statute *and* the habitual offender statute. *State v. Steele*, No. 20A03-1111-PC-502 (Ind. Ct. App. Oct. 18, 2012). Steele's receiving stolen property conviction had been enhanced under the progressive penalty statute using a prior conviction of auto theft in cause number 20D05-0804-FD-119 (FD-119). In contrast, his habitual offender enhancement was based on his admission to prior convictions of robbery in cause number 20D01-9807-CF-152 (CF-152) and escape in cause number 37C01-0205-FA-241 (FA-241). Thus, this Court determined that the trial court had not violated the prohibition in *Beldon* and, therefore, Steele's trial counsel had not rendered deficient performance in failing to object to a sentence that was lawful at the time.

[5]     Steele's case was remanded, and, on remand, the trial court resentenced Steele in January 2013 to eight years for receiving stolen property, enhanced by eight years for his habitual offender status, with four years suspended. As before, that sentence was to be served consecutive to the concurrent sentences of two years for resisting and one year for operating while intoxicated.

[6]     In 2016, Steele was granted permission to file a belated appeal. There, Steele raised the argument of impermissible double enhancement that had been previously adjudicated in his post-conviction proceeding, and the Court concluded that his appeal was barred by res judicata. *Steele v. State*, No. 20A03-1604-CR-889 (Ind. Ct. App. Sept. 15, 2016).

[7]     After Steele was released to probation, the State filed a petition for probation violation in November 2017, and, in February 2018, it filed a violation supplement. Following an evidentiary hearing, the court revoked a portion of Steele's suspended sentence in August 2018. In October 2018, Steele filed a motion to modify his sentence and a petition for additional credit time, which were denied by the court. Steele subsequently filed a motion to correct erroneous sentence in November 2018, which the court also denied. This appeal ensued.

## Discussion and Decision

[8]     Steele appeals the trial court's denial of his motion to correct erroneous sentence. We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion, and we defer to the trial court's factual

findings. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[9] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15 (1983), which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[10] Our Supreme Court has held that a motion to correct erroneous sentence is appropriate only when the sentence is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). The facially erroneous prerequisite is to be strictly applied; accordingly, "[c]laims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.* at 787. Indeed the court specifically stated that "[a]s to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.*

[11] We note that Steele brings his appeal pro se. Pro se litigants are held to the same standard as licensed attorneys. *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind.

Ct. App. 2016), *trans. denied*. This means that they must follow the established rules of procedure and accept the consequences when they fail to do so. *Id.*

# I. Hybrid Sentence

Steele first contends that his sentence is an impermissible hybrid sentence in that his sentence for resisting is partially concurrent with his sentence for operating while intoxicated and partially consecutive to his sentence for receiving stolen auto parts.

In support of his argument, Steele cites to *Wilson v. State*, 5 N.E.3d 759 (Ind. 2014). However, *Wilson* is inapposite to this case. Wilson was sentenced to forty-five years on each of two class A felony convictions and twenty years for a class B felony conviction. The forty-five-year sentences were ordered to be served concurrent with one another, but the twenty-year sentence was split: fifteen years were to be served concurrent with the forty-five-year sentences and five years were to be served consecutive to them. The court held that a sentence for a single conviction may not be split into both concurrent and consecutive forms, as the trial court had done with Wilson's sentence on his B felony conviction. *Id.* at 764. In so holding, the court reiterated that, in a single sentencing order, courts may impose some sentences as consecutive and some as concurrent. *Id.* In fact, the court noted that, where several convictions are involved, it is a relatively common practice for courts to fashion an aggregate sentence so that some sentences are served concurrently and others are served consecutively. *Id.* at 764 n.3.

[14] Here, in contrast, the trial court in 2013 resentenced Steele to two years on his resisting conviction and one year on his operating while intoxicated conviction and ordered those sentences to run concurrently. The court further ordered Steele to serve eight years for his conviction of receiving stolen property and for that sentence to be served consecutive to his concurrent sentences for resisting and operating while intoxicated. The court also enhanced Steele's receiving sentence by eight years, with four years suspended, based on his adjudication as an habitual offender. Pursuant to the criteria set out by our Supreme Court in *Wilson*, Steele's sentence is clearly not a hybrid sentence. The trial court properly denied his motion to correct erroneous sentence on this issue.

## II. Suspension of Habitual Offender Enhancement

[15] Steele asserts that the trial court improperly suspended a portion of his habitual offender enhancement. He does so because he is currently serving the suspended portion following the court's finding that he violated his probation. He posits that he should be resentenced and claims that the court could not give him any additional time; therefore, he would be released from jail.

[16] In support of his argument, Steele cites *State v. Williams*, 430 N.E.2d 756 (Ind. 1982). The *Williams* court held that an habitual offender enhancement could not be suspended according to the 1979 version of Indiana Code section 35-50-2-2, which provided: "The court may suspend any part of a sentence for a felony unless: (1) The person has a prior unrelated felony conviction." *Id.* at 758. But as recognized by this Court in *Bauer v. State*, 875 N.E.2d 744 (Ind. Ct.

App. 2007), *trans. denied*, Section 35-50-2-2 underwent numerous revisions after *Williams* was decided in 1982, and in 2010, when Steele committed these offenses, it no longer contained the language used by the *Williams* court to reach its holding.[2] Accordingly, the *Bauer* Court concluded that habitual offender enhancements could be suspended.[3] *See id.* at 748-50 (distinguishing and respectfully disagreeing with *Devaney v. State*, 578 N.E.2d 386 (Ind. Ct. App. 1991)).

[17] In accordance with this precedent, it was not improper for the court, under the statutes in effect in 2010, to suspend a portion of Steele's habitual offender enhancement. Thus, the trial court did not abuse its discretion by denying Steele's motion to correct erroneous sentence on this issue.

## III. Calculation of Credit Time

[18] Finally, Steele alleges an error in the calculation of his credit time for time he spent in jail when he was arrested for his violation of probation. Steele's claim raises an alleged error that requires consideration of matters outside the face of the sentencing judgment; consequently, it may not be presented by way of a

---

[2] Section 35-50-2-2 was repealed effective July 2, 2014; much of that statute was then recodified under Indiana Code section 35-50-2-2.2.

[3] Several years after *Bauer* was decided and Steele committed these offenses, Indiana Code section 35-50-2-8 (the habitual offender statute) was amended, effective July 1, 2014, to provide that habitual offender enhancements are nonsuspendible.

motion to correct sentence. *See Robinson*, 805 N.E.2d at 787. We therefore conclude the trial court properly denied his motion.

## Conclusion

[19] For the reasons stated, we conclude the trial court did not abuse its discretion when it denied Steele's motion to correct erroneous sentence.

[20] Affirmed.

Najam, J., and May, J., concur.